## EASTERLING LUMBER COMPANY *v.* PIERCE.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 589. Submitted November 30, 1914.—Decided December 14, 1914.

A classification based on the use of engines, locomotives and cars propelled by steam, electricity, gas, gasoline or lever power and running on tracks, in a state statute, abolishing the principle of negligence of fellow servant as a defense to actions against corporations and individuals for damages, is not so unequal as to deny equal protection of the law under the Fourteenth Amendment; and so *held* as to chap. 194, Laws of Mississippi of 1908.

A state statute which cuts off no substantive defense but simply provides a rule of evidence controlling the burden of proof, does not deny

due process of law even when applied in the trial of an action for injuries sustained prior to the enactment of the statute; and so *held* as to chap. 215, Laws of Mississippi of 1912, making proof of the happening of an accident a *prima facie* presumption of negligence. 64 So. Rep. 461, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of two statutes of Mississippi, one abolishing the defense of fellow servant in certain cases, and the other creating a presumption of negligence in certain cases, are stated in the opinion.

*Mr. Edward Mayes* and *Mr. T. Brady, Jr.*, for plaintiffs in error.

*Mr. Joseph Hirsh* and *Mr. E. L. Dent* for defendant in error.

Memorandum opinion by direction of the court, by MR. CHIEF JUSTICE WHITE.

The injuries for which damages were awarded by the judgment sought to be reviewed (64 So. Rep. 461) happened on a steam logging railroad engaged in purely domestic business. The power to here review is based on two constitutional grounds seasonably asserted below assailing two state statutes, the one (chap. 194, Miss. Laws of 1908, p. 204) enacted before the accident, doing away in the cases for which it provided with the principle of fellow servant; and the other (chap. 215, Miss. Laws of 1912, p. 290), enacted after the happening of the accident but before the trial below, providing that from the proof of the happening of an accident there should arise a *prima facie* presumption of negligence.

The constitutional objection to the first statute is that the classification for which it provided was so unequal as to cause the statute to be in conflict with the Fourteenth

Amendment. The classification was this: "Every employé of a railroad corporation, and all other corporations and individuals, using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, . . ." That the objection is without merit is so clearly established as to require only references to the decided cases to that effect.[1]

The objection to the second statute is that it was wanting in due process because retroactively applied to the case since the statute was enacted after the accident occurred. But the court below held that the statute cut off no substantive defense but simply provided a rule of evidence controlling the burden of proof. That as thus construed it does not violate the Fourteenth Amendment to the Constitution of the United States is also so conclusively settled as to again require nothing but a reference to the decided cases.[2]

As it results that at the time the writ of error was sued out it had been conclusively settled by the decisions of this court that both grounds relied upon were devoid of merit, we think the alleged constitutional questions were too frivolous to sustain jurisdiction and we therefore maintain the motion which has been made to dismiss and our judgment will be

*Dismissed for want of jurisdiction.*

---

[1] *Tullis* v. *Lake Erie & W. R. R.*, 175 U. S. 348; *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593; *Louisville & Nashville R. R.* v. *Melton*, 218 U. S. 36; *Aluminum Company* v. *Ramsey*, 222 U. S. 251.

[2] *Mobile, J. & K. R. R.* v. *Turnipseed*, 219 U. S. 35, 42–43; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 82; *Reitler* v. *Harris*, 223 U. S. 437, 441–442; *Luria* v. *United States*, 231 U. S. 9, 25–27.