FLORENCE E. WRIGHT, Respondent, *v.* FRANK PALMISON and Another, Appellants.

Second Department, December 9, 1932.

*Everett W. Bovard* [*Daniel Mungall* with him on the brief], for the appellants.

*Paul F. Diggins,* for the respondent.

PER CURIAM. We conclude that it was error to charge that the burden of establishing plaintiff's contributory negligence was upon the defendants. It was claimed by defendants that the plaintiff was a gratuitous guest in the automobile driven by one defendant and owned by the other. The accident happened in Massachusetts, where statute law places the burden of establishing contributory negligence upon the defendant. There was properly applied the law of that State in so far as it related to the defendant's negligence in the case of a gratuitous guest; but such an action when tried in the courts of our State, in so far as concerns the burden of proving plaintiff's freedom from contributory negligence, is governed by the law obtaining in this State. Proof of freedom from contributory negligence must be forthcoming from the plaintiff in an action for damages based upon the negligence of the defendant, and even though defendant's negligence is determined by the law of the State where the accident occurred, as a matter of substantive right, the rule governing proof of freedom from contributory negligence is a matter of procedure, and the burden of establishing it is to be applied in an action tried in our courts in accordance with the law

of this State. (*Sackheim* v. *Pigueron*, 215 N. Y. 62; and see *Fitz-patrick* v. *International R. Co.*, 252 id. 127, 134, 135.)

We deem it proper to point out that the present record does not determine that plaintiff was a gratuitous guest as a matter of law, and that in the circumstances shown the status of the plaintiff presented a proposition which would affect, as a question of fact, the degree of the defendants' negligence if a jury determined that plaintiff was not a gratuitous guest, in which event proof of a lack of reasonable care, and not proof of gross negligence, would, therefore, be imposed upon the plaintiff. The gratuitous guest rule of the State of Massachusetts, requiring proof of defendants' gross negligence (*Massaletti* v. *Fitzroy*, 228 Mass. 487), in such circumstances would not apply.

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and DAVIS, JJ., concur.

Judgment reversed upon the law and a new trial granted, costs to abide the event.