## Ines Scruggs, Appellant, v. Baltimore and Ohio Railroad Company, Appellee.

Opinion filed November 9, 1936.

BEASLEY & ZULLEY, of East St. Louis, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN
C. ROBERTS, all of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the
court.

This is an appeal from a judgment of the circuit
court of St. Clair county in favor of defendant, ren-
dered upon a verdict directed in its favor upon the
trial of the cause.

It appears from the evidence that on May 27, 1934,
appellant, who was the plaintiff below, with three com-
panions started from East St. Louis about midnight
for O'Fallon, the home of plaintiff. They had attend-
ed a show in Belleville, after which they drove to a
tavern in East St. Louis, and then proceeded toward
O'Fallon over the concrete highway known as U. S.
Route No. 50. In the front seat of the car plaintiff was
riding with the driver, Edgar H. Brockhahn, her for-
mer husband; in the rear were Lillian Owens, who at
the time of the accident was a married woman named
Mrs. Layman, and William Hollman. Just outside the
westerly limits of O'Fallon the highway is intersected
by a line of railway owned by the Illinois Terminal
Company, and used occasionally by the defendant.

On the night in question, defendant, while switching over this line of railroad, stopped its train, leaving some box cars standing upon the crossing, without light, watchman or other signal to warn of their presence. About the only disputed point in the evidence is whether these cars occupied and obstructed the crossing for more than 10 minutes, in violation of Ill. State Bar Stats. 1935, ch. 114, ¶ 93 (sec. 70, ch. 114, Smith-Hurd's R. S. 1935), which provides that in no case shall such obstruction continue for more than 10 minutes. The evidence upon this proposition is conflicting. Plaintiff contends that such obstruction of the crossing for a period of time exceeding 10 minutes was negligence on the part of the defendant. Whether such is true, as a matter of law, it is not questioned by the defendant, hence it is not necessary for us to pass upon the point.

Plaintiff and her companions were approaching the crossing from the west, riding, as they testify, with the dimmer lights on. They had been going about 40 miles per hour, and about a quarter of a mile from the crossing slowed down to 20 miles an hour. It was a clear night at the time, and the moon was shining brightly. The photographs in evidence disclose that there were no buildings, trees, hedges or other objects near to the crossing which would have the effect of darkening or casting a shadow upon it or otherwise affecting the visibility at such point, and that the view of the crossing from the west was clear and unobstructed.

Plaintiff states that she had lived in O'Fallon for four years, was familiar with the crossing, and had passed over it many times prior to the accident. She further said that from her position in the front seat of the car she was looking straight ahead, that her eyesight was good, and that she could see 40 or 50 feet ahead; that she knew the lights were on dim, but did

not speak to the driver of such fact, and that she did not see the box cars until within 20 or 25 feet of them.

It appears from the testimony that the occupants of the car were conversing as they rode along in approaching the crossing, and that there were the usual cross-arm warning signs at the crossing. The car crashed against the side of one box car, injuring plaintiff, and to recover damages therefor she instituted this suit.

As before observed, the court, at the close of all the evidence, directed a verdict for defendant. The chief controversy seems to be whether under the circumstances the conduct of plaintiff, just prior to and at the time of the accident, was such as to charge her, as a matter of law, with negligence contributing proximately to her injury, or whether the circumstances were such that the question should have been submitted to the jury as one of fact.

At the time in question the statute, sec. 16, ch. 95½, Smith-Hurd's R. S., required that motor vehicles upon the public highways, during the period from one hour after sunset to sunrise, should carry two lighted lamps showing white lights, or lights of a yellow or amber tint, visible at least 200 feet in the direction the motor vehicle was proceeding. It has been held that the violation of this section is prima facie evidence of negligence on the part of the driver. *Johnson v. Kushler,* 269 Ill. App. 553; *Johnson v. Gustafson,* 233 Ill. App. 216.

The negligence of the driver could not be imputed to the plaintiff. *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460; *Nonn v. Chicago City Ry. Co.,* 232 Ill. 378. The latter, as a passenger in the automobile, rested under the duty of exercising ordinary care for her own safety, and where she had equal opportunity with the driver to observe or become aware of danger or peril, she was legally obligated to warn the driver of such

fact, if reasonably she could. She could not blindly trust the driver, and was required to use such care as was proportioned to the danger of which she was advised by the attendant circumstances. *Dee v. City of Peru*, 343 Ill. 36; *Flynn v. Chicago City Ry. Co., supra.*

The law governing in such cases is aptly stated in *Hardie v. Barrett*, 257 Pa. 42, 101 Atl. 75: "The rule is well established that when possible dangers arising out of the negligent operation of a hired vehicle, or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, and he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar a recovery. In other words, the negligence of the driver is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest dangers."

Here we have as a situation, plaintiff riding in the front seat of the car, the night clear, moon shining brightly, the area about the crossing free of any objects which would tend to darken or shade; the lights on the car were dimmed, as she stated she knew. This was a violation of the statute and prima facie negligence of which she was by law charged with knowledge, yet she made no objection of such fact to the driver. She was by her own testimony familiar with the crossing, had passed over it many times and knew of its location. True, she states she never saw a train upon this line of railway; however, she was bound to apprehend that one might be passing over the crossing, or, as tersely put by the Supreme Court of Iowa in *High v. Waterloo, C. F. & N. Ry. Co.*, 195 Iowa 304, 190 N. W. 331: "A person approaching a railway crossing is bound to know that he is approaching a dangerous place. As one has laconically said, 'It is always train time at any railroad crossing.'"

Plaintiff was, by her own testimony, looking ahead, yet she said she failed to see an object upon the track the size of a box car, which is about 40 feet long and 10 or 12 feet high, until within about 20 feet of it. That she would have seen the car had she been looking ahead, in ample time to warn the driver of such fact, seems obvious. In *Dee v. City of Peru, supra,* the court said: ''The law will not tolerate the absurdity of permitting one to testify that he looked and did not see the danger, when the view was unobstructed, and where, if he had properly exercised his sight, he would have seen it.''

It is manifest that if the car had been burning the proper lights, as plaintiff knew it was not, and yet made no objection thereto, and had she been properly observant, she would have seen the box car in time to warn the driver and thus avoid the accident. It seems that plaintiff, as stated in *Hardie v. Barrett, supra,* joined with the driver ''in testing manifest dangers.''

The question of whether a plaintiff has been guilty of negligence which proximately contributed to her injury, is ordinarily one of fact upon which she is entitled to have the finding of a jury; but where circumstances are such that all reasonable minds, judging honestly, must agree that she was thus negligent, and that same was a proximate contributing cause of the accident, the question then becomes one of law which the trial court is obligated to assume the responsibility of deciding. 64 Corpus Juris, p. 462, sec. 440.

Upon this record we are of opinion that all reasonable minds, in honest judgment, will agree that plaintiff was guilty, at the time of and just prior to the accident, of negligence which contributed proximately to her injury. It is our conclusion that the trial judge rightly directed a verdict for defendant.

*Judgment affirmed.*