BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; LEWIS ET AL., APPELLANTS; SCOTT ET AL., APPELLEES.
BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; DICK ET AL., APPELLANTS; SCOTT ET AL., APPELLEES.
BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; CATES ET AL., APPELLANTS; HORTON ET AL., APPELLEES.

(Nos. 4170, 4171 and 4177—Decided May 16, 1951.)

*Messrs. Squire, Sanders & Dempsey,* for appellants in case No. 4170.

*Mr. James W. Harrah,* for appellants in case No. 4171, and for appellee Emma G. P. Dick in case No. 4177.

*Mr. James K. Lynch,* for appellants in case No. 4177.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellee Clara Remington Scott in all three cases.

*Messrs. Roby & Arenson,* for appellee Edith Cooper Moore in all three cases.

HUNSICKER, P. J. The appeals on questions of law in cases numbered 4170, 4171 and 4177 were argued

and submitted together. Each of them poses similar questions for our determination.

F. Louise Butler died intestate in Akron, Ohio, on January 27, 1949. An action was thereafter instituted in the Probate Court of Summit County, Ohio, to determine heirship. The judgment in such action was filed on October 21, 1951, and the trial court therein determined in part that:

"The Court further finds that the decedent died leaving no surviving spouse, and no children or their lineal descendants; that her parents predeceased her; that she left no brothers or sisters whether of the whole or half blood, or their lineal descendants.

"The Court further finds that said decedent left no paternal grandparents nor maternal grandparents, but that lineal descendants of the paternal grandparents and maternal grandparents did survive said decedent, all of whom are hereafter named and found to be lineal descendants of said grandparents, and heirs of the decedent.

"The Court further finds that kin not lineal descendants of the paternal grandparents or maternal grandparents are not entitled, under the laws of the state of Ohio, to inherit.

"The Court further finds that Alexander Butler and Lydia Tarbell Butler were the paternal grandparents of the decedent, F. Louise Butler, and that their lineal descendants, hereinafter named, are entitled to one-half (½) of the estate of the said decedent, F. Louise Butler.

"The Court further finds that Aaron Wade and Polly Brown were the maternal grandparents of the decedent, F. Louise Butler, and that their lineal descendants, hereinafter named, are entitled to one-half (½) of the estate of the said decedent, F. Louise Butler."

In the instant cases we are concerned with the deter-

mination of the identities of those who are entitled to inherit the maternal half of the estate as descendants of the decedent's maternal grandparents.

The maternal grandparents of F. Louise Butler, deceased, were Aaron Wade and Polly Brown Wade. Aaron Wade was born May 7, 1787, and died January 21, 1854. Polly Brown Wade was born January 9, 1793, and died May 3, 1883. To the marriage of these maternal grandparents, eight children were born.

The appeals in cases Nos. 4170 and 4171 raise the question of the correctness of the judgment of the trial court in its determination that: (1) Clara Remington L. Scott was an adopted child of Frances Barse Le-Fevie, a deceased cousin of the decedent, F. Louise Butler, and as such adopted child entitled to inherit a share of the estate of the decedent, F. Louise Butler; (2) Clara Remington L. Scott is entitled to inherit an additional share of such estate as the natural child of Inez Abbey Remington, a deceased cousin of the said F. Louise Butler; (3) Edith Cooper Moore was an adopted child of Frances A. Wade Cooper, a daughter of said Aaron Wade and Polly Brown Wade, and as such adopted child a first cousin of F. Louise Butler, deceased.

The appellants in case No. 4177 claim the trial court erred in holding that: (1) Clara L. Remington Scott, Edith Cooper Moore, and Emma G. P. Dick (Hower) were heirs of F. Louise Butler, deceased; (2) Clara L. Remington Scott was entitled to inherit a share of the estate of the decedent Butler as an adopted child of the said Frances Barse LeFevre, and an additional share of such estate as the natural child of the said Inez Abbey Remington. Counsel for the appellants in case No. 4177, at the time of oral argument, requested this court to dismiss the appeal as to Emma G. P. Dick (Hower). Such application was granted by this court.

Counsel for the appellants in case No. 4177, orally

and by his briefs submitted herein, stated to this court that the appellants in such case No. 4177 wished to take a neutral position on the question of the validity of the adoption issues, but did desire to oppose the judgment of the trial court in granting to Clara L. Remington Scott the double inheritance from the decedent Butler's estate.

The questions, then, that must be decided in these appeals involving the inheritance of the maternal half of the estate of F. Louise Butler, deceased, are:

(1) Is Edith Cooper Moore an adopted child of Frances A. Wade Cooper?

(2) Is Clara L. Remington Scott an adopted child of Frances Barse LeFevre?

(3) If Clara L. Remington Scott is an adopted daughter of Frances Barse LeFevre, is she entitled to inherit a share of decedent Butler's estate, and also to inherit an additional share as the natural child of Inez Abbey Remington?

We shall discuss these questions in the order set out above.

Frances A. Wade, the eighth child of Aaron Wade and Polly Brown Wade, was born July 20, 1834 or 1835, and died in November, 1912. She married Edward Cooper, but the date of that marriage is not shown in the genealogical chart of the maternal side of the decedent Butler, neither does such chart show the date of his birth or death. The death certificate of Frances A. Wade shows her to have been a widow at the time of her death.

There were introduced into evidence, duly authenticated photostatic copies of the "consents and agreement" and "order for adoption of minor child" from Erie county, New York, showing that Mary Edith Morley, a minor child, was by action of the proper court of such county adopted by Edward A. Cooper. These records show the adoption to have been made on

February 19, 1887, pursuant to Chapter 830 of the Laws of 1873 of the State of New York.

These records further show that Frances W. Cooper subscribed and acknowledged before the then County Judge of Erie county, New York, her consent to the adoption of Mary Edith Morley (herein now known as Edith Cooper Moore), "in pursuance of Chapter 830, of the laws of 1873."

The judicial order of adoption (after reciting that Edward A. Cooper, and Frances W. Cooper, his wife, appeared before the court), approved the adoption of Mary Edith Morley by Edward A. Cooper, and in writing there was inserted in such order, as one of the reasons for the said adoption, that "Edward A. Cooper and Frances W. Cooper are greatly attached to said child * * *."

The evidence also shows that Edith Frances Cooper was married to Albert Griffith Moore in the city of Chicago on January 1, 1908.

The last will and testament of Frances W. Cooper, deceased, dated December 17, 1908, provided, after certain minor bequests, that all of the property should pass to "my daughter Edith Cooper Moore." Such will also refers several other times to "my daughter." Frances W. Cooper had no other children except this alleged adopted daughter.

The testimony of the relatives of Frances W. Cooper is to the effect that Edith Cooper Moore was known as and considered to be the adopted child of both Edward and Frances W. Cooper.

The Adoption Act of the state of New York (Chapter 830, Act of 1873), in effect at the time Edith Cooper Moore was taken into the Edward and Frances W. Cooper family, provided in its Section 3 as follows:

"A married man, not lawfully separated from his wife, cannot adopt a child without the consent of his wife; and a married woman, not lawfully separated

from her husband, cannot adopt a child without the consent of her husband.''

There was no provision in such law for the joint adoption by husband and wife. These statutes (Chapter 830, Act of 1873) were the first general adoption laws enacted in the state of New York.

The status of Edith Cooper Moore as an adopted child of Frances W. Cooper is to be determined by the adoption laws of the State of New York which were in effect at the time of the claimed adoption; to wit, February 19, 1887. *Barrett, Admr.,* v. *Delmore,* 143 Ohio St., 203, 54 N. E. (2d), 789, 153 A. L. R., 192.

The leading New York case on the subject of adoption is: *In re Estate of Thorne,* 155 N. Y., 140, 49 N. E., 661. The first paragraph of the syllabus of this case states the general law on this subject as we know it in Ohio, and is as follows:

''1. The adoption of children was unknown to the common law of England, and exists in this country only by virtue of statute.''

It is also accepted as fundamental that statutes in derogation of the common law are strictly construed.

We do not have in the claimed adoption of Edith Cooper Moore the situation wherein there is a claimed defective judgment of adoption or other defective adoption proceedings, or any evidence that a contract of adoption was entered into with Francês W. Cooper, fully performed by Edith Cooper Moore, but not performed by Frances W. Cooper. We do have a state of facts which show that Edward Cooper and not Frances W. Cooper adopted Edith Cooper Moore, although the adoption law of New York in effect at the time of the adoption permitted either a husband or wife (with the consent of the other) to adopt a child.

If taking a child into a home, rearing such child, giving it the family name, calling such child a daughter, and holding such child out to the relatives and

friends as a daughter, is sufficient to establish a lawful adoption, then there would be no need for any statutory authority or judicial proceedings.

We believe something more than being reared as a member of a family and bearing the family name is necessary to show an adoption. A review of the New York authorities on this subject sustains our position. *In re Estate of Thorne, supra; Smith, Trustee,* v. *Allen,* 161 N. Y., 478, 55 N. E., 1056; *In re Estate of Huyck,* 49 Misc., 391, 99 N. Y. Supp., 502; *Murphy* v. *Brooks,* 120 Misc., 704, 199 N. Y. Supp., 660; *In re Estate of Monroe,* 132 Misc., 279, 229 N. Y. Supp., 476; *In re Adoption of Cohen,* 155 Misc., 202, 279 N. Y. Supp., 427; *In re Adoption of Paden,* 181 Misc., 1025, 43 N. Y. Supp. (2d), 305.

With respect to the claim of Clara L. Remington Scott, there is no controversy over the fact that, as the natural child of Inez M. Abbey Remington, she is entitled to inherit as one of the heirs on the maternal side of F. Louise Butler, deceased. The dispute which does arise concerns her claim to an additional portion of the said estate as an adopted child of Frances Barse LeFevre, who, it is admitted, was a granddaughter of Aaron Wade and Polly Brown Wade, and a cousin of F. Louise Butler, deceased.

The evidence in support of this claim of adoption is as follows: She was known to the relatives as the adopted daughter of Frances B. LeFevre; the last will and testament of Mrs. LeFevre and the documents filed in the probate of such will, designated the claimant as a daughter; the statements made by Clara L. Remington Scott herself in certain guardianship proceedings that Mr. LeFevre was her father, and statements made by Mrs. LeFevre to other persons that this claimant was her daughter.

No one disputes the fact that Clara Remington a short time after the death of her mother, Inez Abbey

Remington, went to live with her aunt and uncle. She lived in their home, was reared by them, and was known as their adopted daughter by relatives and friends.

There was no claim made of an agreement to adopt which the LeFevre's never consumated, nor an adoption defectively executed. The sole evidence is that, by the statements and conduct of Mrs. LeFevre and their relatives and friends, the fact of adoption is established.

If, then, Clara L. Remington Scott was an adopted child under the law of New York, she must be so considered by the law of Ohio. *Barrett, Admr.,* v. *Delmore, supra.*

The law of the forum, in this case Ohio, governs the admissibility of evidence to establish the fact, and the presumptions and inferences to be drawn from the evidence so submitted. Restatement of the Law of Conflict of Laws, Section 595.

Adoption is only a creature of statute, and we believe in this case that it was necessary to present some evidence to the trial court which showed an attempt to comply with the statute, or a proper contract of adoption; which acts, as liberally construed by the decisions of the courts of the state of New York, might then create the status of a child by adoption.

A review of the New York cases heretofore cited, when examined in the light of the evidence here, shows that there was no evidence before the trial court which justified the conclusion that Clara L. Remington Scott was the adopted child of Frances Barse LeFevre.

It therefore does not become necessary to determine the issue with respect to an inheritance of the double portion.

We find no proof that Edith Cooper Moore was an adopted child of Frances A. Wade Cooper, and we

find no proof that Clara L. Remington Scott was an adopted child of Frances Barse LeFevre.

The judgment of the trial court in each case is reversed, and final judgment in behalf of each of the appellants is entered herein.

*Judgment reversed in each case and final judgments entered.*

DOYLE, J., and STEVENS, J., concur.