## LOBEL v. AMERICAN AIRLINES, Inc.

No. 14, Docket 22011.

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1951.

Decided Oct. 30, 1951.

Jay Leo Rothschild, New York City (Frank R. Cohen, New York City, of counsel), for plaintiff-appellee.

Haight, Deming, Gardner, Poor & Havens, New York City (William J. Junkerman, S. V. Silverthorne, Jr., and Douglas B. Bowring, all of New York City, of counsel), for defendant-appellant.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff sued for injuries he received when travelling as a paid passenger on one

of defendant's planes when, during a flight, the plane crashed at Michigan City, Indiana, because the engines stopped functioning properly. The complaint alleged that defendant had exclusive control of the plane and that the accident was caused by defendant's negligence. The jury returned a $35,000 verdict in favor of plaintiff.

■ 1. The judge charged the jury: " * * * Proof of the happening of the accident gives rise to a presumption that it occurred because of the negligence of the defendant or its employees in the manufacture or operation of the plane. A presumption is something that takes the place of evidence. In a case like this where the instrumentality which produced the accident is under the exclusive control of the defendant, there is a presumption of negligence but it might be overcome by the evidence of the defendant to show that in spite of the presumption of negligence, the accident occurred through no fault of the defendant or its employees." Had the accident occurred in New York, so that without any question the New York rule would have governed, this charge would have been patently in error. See Foltis v. City of New York, 287 N.Y. 108, 119, 122, 38 N.E.2d 455, 153 A.L.R. 1122; Griffin v. New York Central R. Co., 277 App.Div. 320, 323, 98 N.Y.S.2d 346, 349.[1] Although the accident occurred in Indiana, we think the rule the same because the New York courts, as we interpret their decisions, would regard *res ipsa loquitur* as a matter of procedure to be controlled by the legal rules

of the forum. Those courts have called *res ipsa loquitur* a procedural rule of evidence, Judd v. Sams, 270 App.Div. 981, 62 N.Y.S.2d 678. Although they have not ruled on the precise question before us here, they have said, in cases involving burden of proof, that local law governs even though the accident occurred out-of-state. Wright v. Palmison, 237 App.Div. 22, 260 N.Y.S. 812; Clark v. Harnischfeger Sales Corp., 238 App.Div. 493, 264 N.Y.S. 873. If they follow local law in so vital a matter as burden of proof, it seems *a fortiori* true that they would not bow to foreign law where a mere rule of evidence was concerned. For the proposition that Indiana law governs, plaintiff cites only Fitzpatrick v. International R. Co., 252 N.Y. 127, 169 N.E. 112, 68 A.L.R. 801. The New York court there was careful to base its holding that Ontario law governed the burden of proof on a unique Ontario statute, out of which the burden-of-proof rule had grown, and which gave new substantive rights to tort-claimants who had been disqualified at common law for contributory negligence. There is no such Indiana statute here.[2] See Palmer v. Hoffman, 318 U.S. 109, 118, 119, 63 S.Ct. 477, 87 L.Ed. 645. On this ground alone, there must be a new trial.

■ 2. We do not agree with defendant that it was error to submit the case to the jury on a *res ipsa loquitur* charge. In his pleadings and in proving his own case, plaintiff met the requirements of the doctrine. The plane was in defendant's exclusive control.[3] The accident was not of

1. "The rule of res ipsa loquitur is a matter of inference rather than presumption, and the inference is one which the jury may draw from the happening of the accident under the circumstances but is not required to draw. It does not shift the burden to the defendant in any way, not even the burden of offering an explanation. Defendant may remain silent, in which event the jury is left to determine whether or not it will infer negligence from the happening of the accident under the circumstances. If the defendant offers an explanation, it is for the jury to weigh that explanation in relation to all the evidence, but the burden of proof remains on plaintiff and is not on defendant by its explanation to satisfy the

jury that it is not negligent. With the explanation in, the burden of proof is still entirely with the plaintiff to satisfy the jury on the whole case, including the explanation, that defendant was negligent." Griffin v. New York Central R. Co., supra, 277 App.Div. at page 323, 98 N.Y. S.2d 346, 349.

2. It may be, though we need not pass on it here, that Indiana law on res ipsa loquitur is the same as New York law. See, e.g., Wass v. Suter, 119 Ind.App. 655, 84 N.E.2d 734.

3. We pay little heed to defendant's claim that it did not have exclusive control of the plane because Air-Traffic-Control regulations governed the height at which

the sort which happens in the ordinary course of events without negligence on someone's part. The defendant urges, however, that, by the time the case went to the jury, plaintiff had attempted to prove, and had argued in his summation, that the accident was caused by several specific acts of negligence on defendant's part; defendant says that, under the doctrine of Goodheart v. American Airlines, Inc., 252 App. Div. 660, 663, 1 N.Y.S.2d 288, in such circumstances the New York courts would not allow the trial judge to charge *res ipsa loquitur*. The Goodheart case held that a plaintiff who pleaded and proved that a plane accident had been proximately caused by the pilot's negligence in deviating from his course should not have his case submitted to the jury on a *res ipsa loquitur* charge. That decision, even if it does represent New York law on this subject,[4] is certainly not applicable here to the evidence plaintiff put forward in his own case, which showed only vague sputterings of the engine several hours before the accident and the condition of the plane after the wreck. It was only through the cross-examination of defendant's witnesses that plaintiff elicited information specifically tying down separate acts of the defendant as contributing causes of the accident, i. e., fuel starvation from fragments of packing cartons left in valves, inadequate maintenance and inspection jobs, etc. Naturally, plaintiff took full advantage of this evidence in his argument to the jury. We can find no New York case which penalizes a *res ipsa loquitur* plaintiff who, on cross-examination, probes deeply into the defendant's behavior and thus discloses specific acts of negligence that may have caused the accident. We assume the New York courts would oppose any rule which encouraged plaintiffs to go easy on defendants in cross-examination and which destroyed this truth-testing technique in *res ipsa loquitur* cases, for the information elicited under cross-examination helps the jury to decide intelligently whether or not a permissible inference of negligence should be drawn.

3. Defendant urges error in the reception of a Civil Aeronautics Board investigator's report of his examination of the plane wreckage. Defendant relies on § 701(e) of the Civil Aeronautics Act, 49 U.S. C.A. § 581, which provides that: "no part of any report or reports of the former Air Safety Board or the Civil Aeronautics Board relating to any accident, or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports." Here, however, the report consisted wholly of the investigator's personal observations about the condition of the plane after the accident. There were in the report no opinions or conclusions about possible causes of the accident or defendant's negligence; there were no findings based on interviews or anything but personal observations. Nothing in the report offends either the opinion or the hearsay rule. § 701(e) was designed to guard against the introduction of C.A.B. reports expressing agency views about matters which are within the functions of courts and juries to decide. Universal Airline v. Eastern Airline, D.C. Cir., 188 F.2d 993, 1000. No such views are reflected in this factual report. The C.A.B. has authorized the disclosures made in this report. The deposition of the investigator was admitted in evidence and contained the same information which the report sets out. There is no question that the deposition was proper evidence. Universal Airline v. Eastern Airline, supra. Furthermore, the agent could have been cross-examined by opposing counsel on the basis of the report when the deposition was taken since the report was admitted only as past recollection recorded and was entirely auxiliary to the agent's direct testimony in the deposition.

---

it had to travel. It is enough that defendant had complete physical control of the mechanism, even to the point of disregarding regulations for the immediate safety of its passengers.

4. Cf. DeRoire v. Lehigh Valley R. Co., 205 App.Div. 549, 199 N.Y.S. 652; D'Arcy v. Westchester Elec. R. Co., 82 App. Div. 263, 81 N.Y.S. 952; Leed v. Robert Joshua Ltd., Sup., 72 N.Y.S.2d 3.

■ 4. One of plaintiff's witnesses, a doctor, was asked on cross-examination about fees he expected to receive. He answered that he thought an insurance company would pay them. "An insurance company?" repeated defendant's counsel and continued his interrogation. Later, on re-direct examination, plaintiff's counsel asked the same witness about fees he would have charged to a "non-doctor." Inevitably, the witness replied that he assumed the fees would be paid by an insurance company. Defendant's lawyer moved for a mistrial. The whole incident was unfortunate. Defendant's lawyer should have moved to strike the reference to insurance when it first occurred. Plaintiff's lawyer should not have provoked a second reference by his leading question about fees paid by a "non-doctor." The trial judge should at some time have instructed the jury to disregard the reference. In the circumstances, however, we do not consider the remarks about insurance, however censurable, grounds for reversal. It is rather unlikely in a case like this that the jurors would be irreparably prejudiced against defendant, a major airline, on the financial basis of its insured status alone. But we trust that on a new trial the subject of insurance will be excluded.

■ 5. Plaintiff was allowed to read to the jury his own answers to defendant's interrogatories about the extent of his injuries. These answers were self-serving and should not have been admitted. See 4 Moore's Federal Practice § 33.29 (1950 2d ed.). Here the error was harmless since plaintiff had already testified directly to the same effect.

6. As this case must be retried, we think it well to say that plaintiff's counsel at times went too far in vilifying the character of some of defendant's witnesses, in charging defendant with criminal negligence, etc., and in indulging in too many irrelevant emotional outbursts.

Reversed and remanded.