Judith O'LEARY, a Minor, by Margaret O'Leary, Respondent,

v.

ILLINOIS TERMINAL RAILROAD COMPANY, a Corporation, Appellant.

No. 45557.

Supreme Court of Missouri,

En Banc.

March 11, 1957.

Ely, Ely & Voorhees, Robert C. Ely, Alphonso H. Voorhees, St. Louis, for appellant.

Glennon T. Moran, St. Louis, for respondent, George J. Moran, Granite City, Ill., of counsel.

HOLLINGSWORTH, Judge.

Plaintiff recovered judgment against defendant in the Circuit Court of the City of St. Louis for the sum of $7,000 for personal injuries sustained when an automobile in which she was a passenger was struck by defendant's electric railway train in Granite City, Illinois. Upon appeal by defendant to the St. Louis Court of Appeals, the several assignments of error there

asserted were decided adversely to defendant and the judgment of the trial court was affirmed. 288 S.W.2d 393. Among the assignments considered by the Court of Appeals was defendant's contention that the trial court erred in giving plaintiff's Instruction No. 10, which casts upon defendant the burden of proving its affirmatively pleaded defense of contributory negligence on the part of plaintiff in bar of any right of recovery she otherwise might have.

In determining that question, the Court of Appeals took judicial notice that the law of Illinois made it incumbent upon plaintiff to allege and prove that she was in the exercise of ordinary care for her own safety at the time of the collision. See Hanson v. Trust Co. of Chicago, 380 Ill. 194, 43 N.E.2d 931, 933; Prater v. Buell, 336 Ill.App. 533, 84 N.E.2d 676, 678; Newell v. Cleveland, C., C. & St. L. Ry. Co., 261 Ill. 505, 104 N. E. 223, 224. It then undertook to determine "whether the Illinois requirement that the plaintiff allege and prove that she was in the exercise of due care was a substantive and essential element of her right to recover or was merely a procedural matter to be determined by the law of Missouri." At that point, the court was confronted with a situation which it aptly described as "difficult and delicate". It discovered that on December 13, 1954, Division One of this Court, after a somewhat extended study of whether the Illinois requirement was substantive or procedural, had held that certain former decisions of this court, beginning with the case of Menard v. Goltra, 328 Mo. 368, 40 S.W.2d 1053, were erroneous in holding that the Illinois requirement was procedural rather than substantive, and that

said cases should be and were overruled. See Redick v. M. B. Thomas Auto Sales, Inc., 364 Mo. 1174, 273 S.W.2d 228, 232–235. The Court of Appeals also discovered that shortly prior to the decision in the Redick case this Court, en Banc, in the case of Sanders v. Illinois Central Railroad Co., 364 Mo. 1010, 270 S.W.2d 731, 735, had said:

"While neither party makes any suggestion that the law of Illinois has either been invoked or must be applied, the question of the submission of the defense of contributory negligence, being a matter of procedure, would in any event be governed by the law of Missouri. Menard v. Goltra, 328 Mo. 368, 40 S.W.2d 1053; Williams v. East St. Louis Ry. Co., Mo.App., 100 S.W.2d 51."

It was, of course, apparent that the pronouncement made in the Sanders case, supra, could not be overruled by the divisional opinion in the Redick case. The Court of Appeals of its own motion, therefore, transferred the case here to the end "that the law on the subject should be re-examined". [288 S.W.2d 401] The parties have briefed the question anew. The importance of the question impels us to give it first consideration before discussion of the other assignments of error asserted by defendant in this court.

Plaintiff insists that the overwhelming weight of authority is that the burden of proof is a rule of evidence and as such is procedural, not substantive, citing Easterling Lumber Co. v. Pierce, 235 U.S. 380, 35 S.Ct. 133, 59 L.Ed. 279,[1] cases from several states[2], and several Missouri cases which

---

1. In that case a statute of the State of Mississippi, applicable to railroads, made proof of the happening of an accident a prima facie presumption of negligence. The Supreme Court of Mississippi had held that the statute did not cut off any substantive defense but simply provided a rule of evidence controlling the burden of proof. The U. S. Supreme Court held that as thus construed the statute did not violate the federal due process clause and that the appeal was frivolous.

2. Midland Trail Bus Lines v. Martin, 100 Ind.App. 206, 194 N.E. 862; Clark v. Harnischfeger Sales Corporation, 238 App.Div. 493, 264 N.Y.S. 873; International Derrick & Equipment Co. v. Buxbaum, 3 Cir., 210 F.2d 384; Herman v. Sladofsky, 301 Mass. 534, 17 N.E.2d 879; Belden v. Armstrong, 93 Ohio App. 307, 113 N.E.2d 693; Howard v. Howard, 200 N.C. 574, 158 S.E. 101; Wright v. Palmison, 237 App.Div. 22, 260 N.Y.S. 812; Virginia Ave. Coal Co. v. Bailey, 185

the Redick case had purported to overrule and to which reference will be hereinafter made. Plaintiff has also invoked the rule of *stare decisis* and insists that "under this time-honored rule this court should refrain from disturbing the existing law until an authoritative court of Illinois should declare that the burden of proof as to contributory negligence is substantive and not procedural, and thereby demonstrate that the present law is 'clearly erroneous or manifestly wrong.'"

Defendant has adopted the reasoning of and the authorities upon which the Redick case was decided, and in addition thereto has cited Francis v. Humphrey, D.C.Ill. 1938, 25 F.Supp. 1, 5, wherein that court said:

"My conclusion is that the absence of contributory negligence is made an essential part of plaintiff's cause of action by the substantive law of Illinois and this substantive rule, declared by the courts of Illinois, must be recognized and followed by the federal courts. Being substantive law neither the Congress nor the Supreme Court has power to declare it to be other than the courts of Illinois have established it nor to undermine or destroy it by procedural requirements. Erie R. Co. v. Tompkins, supra [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188]."

Plaintiff cites the case of Sampson v. Channel, 1 Cir., 110 F.2d 754, 757, 128 A.L.R. 394, wherein that court said that if the Federal Rules of Civil Procedure, 28 U.S.C.A. could be construed as imposing upon defendant the burden of proof of contributory negligence, they would be binding *"despite the contrary intimation in Francis v. Humphrey"*, supra. (Emphasis ours.) However, that court then went on to say, 110 F.2d loc. cit. 757:

"Rule 8(c) speaks of contributory negligence as an 'affirmative defense',

a phrase implying that the burden of proof is on the defendant. Yet the only rule laid down is one of *pleading;* the defendant must affirmatively plead contributory negligence. It is not inconsistent to require the defendant to plead contributory negligence if he wants to raise the issue, and yet to put the burden of proof on the plaintiff if the issue is raised. Since Rule 8(c) contains no prescription as to burden of proof, we must look elsewhere for the answer."

Clearly, the italicized comment above set forth does not aid plaintiff. See also Fort Dodge Hotel Co. of Fort Dodge v. Bartelt, 8 Cir., 119 F.2d 253, 258, quoted infra.

Plaintiff also cites certain language of the writer of the opinion in the Sampson case, supra, as set forth in footnote 2, page 755, wherein a portion of Section 595 of American Law Institute Restatement of Conflict of Laws on this subject (quoted with approval in the Redick case) is criticised. In reply defendant cites a further statement in the same footnote, wherein it is said: "Nevertheless, because of the influence which the incidence of burden of proof often has on the outcome of litigation, the better view would seem to be that in these conflict of laws cases, the forum should apply the rule of the *locus delicti* as to burden of proof."

We have carefully considered the cases and authorities cited by both of the parties in the instant case and the cases and authorities upon which the Redick case was decided. Unquestionably, there is a conflict of authority upon this subject. Oftentimes, however, a careful analysis of the precise question presented in these cases reveals that the conflict is more seeming than real. The rule applied in the more closely reasoned cases is thus stated in 11 Am.Jur., Conflict of Laws, § 203, p. 523:

"Even in those jurisdictions which recognize that ordinarily matters con-

Tenn. 242, 205 S.W.2d 11; Carroll v. Godding, 155 Pa.Super. 490, 38 A.2d 720;

Murphy v. Smith, 307 Mass. 64, 29 N.E. 2d 726.

cerning presumptions of evidence and burden of proof relate to the remedy, where the remedy prescribed by that rule of the lex loci, which attaches the burden of proof to one of the parties, is so inseparably connected with, and incorporated in, the substantive rule creating the right that to ignore that remedy and substitute therefor the rule of the forum would destroy, prejudice, or render ineffective the right to which it is attached, substituting a local cause of action for the one arising in another state, the lex loci in its entirety will be given effect in preference to the contrary rule of the lex fori. It is sometimes stated that the burden of proof is not determinable by the lex fori if it is made a substantial part of the right of action by the laws of the jurisdiction under which it arose."

No purpose will be served by further discussion. We are convinced that the authorities upon which the decision in the Redick case was reached are sound. Hence we affirm that portion of the Redick case, 273 S.W.2d loc. cit. 233–234, reading:

"Is the Illinois requirement that plaintiff prove he was in the exercise of due care substantive or merely procedural? In Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371, 378, we quoted with approval from Jones v. Erie R. Co., 106 Ohio St. 408, 140 N.E. 366, 368, as follows: 'The distinction between substantive law and procedural law is that "substantive law relates to rights and duties which give rise to a cause of action," while procedural law "is the machinery for carrying on the suit." '

"We think that the Illinois requirement is substantive, just as much so as is the requirement that plaintiff plead and prove the negligence of defendant. No one would argue that the latter was not substantive. Both are essential elements of plaintiff's right to recover under the law of Illi-

nois. Plaintiff suggests, however, that our courts are not obligated to involuntarily have the laws of another state engrafted into our jurisprudence, citing Hughes v. Winkleman, 243 Mo. 81, 147 S.W. 994, 997 [5, 6], L.R.A.1916A, 1007; and that it will be Missouri rules of law that determine whether a given question is substance or procedure, citing Hopkins v. Kurn, 351 Mo. 41, 171 S.W.2d 625, 626 [1], 149 A.L.R. 762. But certainly we should not determine the matter by mere whim or fiat. 'In administering the substantive laws of a sister state we administer *them*, not our own; and we should not administer them either more or less blandly than do our sister's courts.' Newlin v. St. Louis & S. F. R. Co., 222 Mo. 375, 392, 121 S.W. 125, 130.

"Plaintiff also urges that section 509.090 RSMo 1949, V.A.M.S., which makes contributory negligence an affirmative defense, 'is not affected by the procedural law of the locale of the occurrence.'

"In the case of Fort Dodge Hotel Co. of Fort Dodge v. Bartelt, 8 Cir., 119 F.2d 253, 258, the precise questions here presented were ably discussed. In that case, a negligence action arising in Iowa, the defendant appealed from an adverse judgment, contending that the trial court erroneously instructed the jury that the burden of proving contributory negligence was upon the defendant. The law of Iowa, like the law of Illinois, places the duty upon plaintiff to plead and prove due care in negligence actions. The trial court had held that Federal Rules of Civil Procedure, rule 8(c), 28 U.S.C.A., from which our § 509.090 is taken, placed that burden upon defendant and so instructed the jury. The Circuit Court of Appeals disapproved the action of the trial court in these words: 'The law of Iowa requires that in a case such as this the plaintiff plead

and prove his freedom from contributory negligence. In that State a complaint, in such an action, which fails to allege freedom from contributory negligence, fails to state a cause of action, (citing cases); and if the evidence fails to prove the plaintiff's freedom from such negligence, it will not support a verdict in his favor. (Cases cited.) Freedom from contributory negligence is, therefore, under the law of Iowa an essential element of a cause of action to recover damages for personal injuries caused by negligence, * * *; and proof of that element is of the "very substance" of the plaintiff's case. (Cases cited.) The necessity for such proof arises out of no rule of Iowa practice or procedure, but from the obligation imposed upon every plaintiff to establish every fact essential to make out his cause of action. (Cases cited.) Regardless of what may be thought to be the implications of Rule 8(c) with respect to the burden of proof of contributory negligence as a matter of procedure, we are satisfied that the rule does not have the effect of casting upon a defendant the burden of disproving the plaintiff's freedom from contributory negligence, where under the applicable state law that is an essential element of the plaintiff's cause of action which must be proved if he is to prevail.'

"The Restatement, Conflict of Laws, Sec. 595, ch. 12, states that 'if a requirement concerning proof of freedom from fault exists in the law of the place of injury and if such condition is there interpreted as a condition of the cause of action itself, * * * the court at the forum will apply the rule of the foreign state * * *. In such a case, the remedial and substantive portions of the foreign law are so bound together that the application of the usual procedural rule of the forum would seriously alter the effect of the operative facts under the law of the appropriate foreign state.' The illustration following the comment is: 'A, in state X, is injured by the alleged negligence of B. A sues B in state Y. By the law of X, a plaintiff has no cause of action until he has shown that his own negligence did not contribute to his injury. By the law of Y, contributory negligence is an affirmative defense to be pleaded and proved by the defendant. A must show his freedom from contributory negligence.'

"This brings us to the case of Menard v. Goltra, 328 Mo. 368, 40 S.W.2d 1053, upon which plaintiff relies."

That case, 40 S.W.2d loc. cit. 1058, held: "The rule in this state applies, that plaintiff's negligence which contributed to his injury is an affirmative defense which must be pleaded and proved in order to be available to a defendant."

The Redick case continues, 273 S.W.2d loc. cit. 235:

"We are convinced that, to the extent the Menard case holds that the Illinois rule is remedial and not substantive and to the extent it holds that Missouri courts will adhere to their rule of placing the burden of proving contributory negligence upon the defendant in a case arising in another state wherein the law of that state is as it is in Illinois, it should no longer be followed. The distinction is that the Missouri law makes a plaintiff's contributory negligence a matter of defense only, the proof of which will defeat an existing claim. But in Illinois, the plaintiff's due care, or his freedom from contributory negligence, is not a matter of defense, defeating a claim, but an essential element which must exist before there is a cause of action in the first instance."

▮ For the reasons stated, the rule announced in the Menard and subsequent

cases was clearly erroneous and manifestly wrong. The rule of *stare decisis* is never applied to prevent the repudiation of decisions that are patently wrong and destructive of substantive rights. 21 C.J.S., Courts, § 193, p. 322. Our prior cases holding to the contrary of the ruling announced in the Redick case, some, if not all, of which are: Menard v. Goltra, 328 Mo. 368, 40 S.W.2d 1053; Williams v. East St. Louis Ry. Co., Mo.App., 100 S.W.2d 51; Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S.W.2d 581; Meredith v. Terminal R. R. Ass'n of St. Louis, Mo.App., 257 S.W.2d 221; and Sanders v. Illinois Central Railroad Co., 364 Mo. 1010, 270 S.W.2d 731, should be and they are to that extent overruled. The trial court erred in giving the aforesaid Instruction No. 10.

■ It also follows that plaintiff's Instruction No. 5, directing a verdict for plaintiff if her injuries were directly caused by the concurring negligence of defendant and the driver of the automobile in which she was riding, was prejudicially erroneous in failing to further hypothesize therein a finding that plaintiff was in the exercise of due care for her own safety.

■ For our further consideration is defendant's next contention that plaintiff failed to prove the essential element of her case that she was in the exercise of due care for her own safety. Defendant says the evidence shows that plaintiff failed to look when she knew she was approaching a railroad crossing, while, if she had looked, she could have seen the train approaching and, if she had listened, she would have heard it whistle and could have warned the driver of the automobile and avoided the collision. In deciding that issue, we apply also the law of Illinois. Bryan v. Sweeney, 363 Mo. 1024, 256 S.W.2d 769, 773; Rhyne v. Thompson, Mo., 284 S.W.2d 553, 556. The law of Illinois relating to due care on the part of persons about to go upon railroad crossings is well stated by the Supreme Court of Illinois in the case of Humbert v. Lowden, 385 Ill. 437, 53 N.E.2d 418. In

that case, the evidence showed that if the deceased had looked he could have seen the approaching train, but the court further held that the circumstances and evidence were such it could not be held as a matter of law that there was no evidence of due care on the part of the deceased; and 53 N.E.2d at page 420 said:

"'It is not a rule of law that the omission of the duty to look and listen will bar a recovery where there are facts excusing the performance of that duty.' * * * it is a question for the jury to determine whether, in view of all the surroundings, the injured party was guilty of negligence, in failing to look and listen, or whether he is relieved, by the circumstances, from the duty to look and listen. * * * it is the settled rule of this court that it cannot be said, as a matter of law, that a person is in fault in failing to look and listen, if misled without his fault, or where the surroundings may excuse such failure. * * * It is a question for the jury to say whether the failure to stop and look is, or is not, negligence."

In determining whether there was proof of due care on the part of plaintiff, the courts of Illinois, as do we, view the evidence in the light most favorable to plaintiff, giving her the benefit of all favorable and reasonable inferences, and disregard defendant's evidence unless it is of aid to plaintiff. Sprague v. Goodrich, 376 Ill. 80, 87, 32 N.E.2d 897, 900; Rhyne v. Thompson, Mo., 284 S.W.2d 553, 556. The evidence, viewed in that light, was concisely stated in the opinion of the Court of Appeals. We quote the pertinent portion thereof, 288 S.W.2d loc. cit. 396:

"The collision occurred in Granite City, Illinois, a city of about 29,000 population. Lincoln Avenue extends east and west in the city and is intersected by the defendant's tracks which extend north and south. The automobile in which plaintiff was riding was

being driven westward on Lincoln Avenue, and defendant's train was being operated southward. The collision occurred between 9 and 9:30 in the evening. The automobile was overturned and plaintiff was injured. She was 15 years of age at the time of the accident and lived in Collinsville, Illinois, but had never been to Granite City and had no prior knowledge of the intersection of Lincoln Avenue and defendant's tracks. The night was dark and cloudy and there was a mist or fog in the air. It had snowed that morning but was not snowing at time of accident. The automobile was being driven by Emmet Cross, and Zella Ford (nee Holman) was riding in the front seat with him. In the rear seat there were four young people, and plaintiff was sitting second from the right side of the rear seat. These young people were on the way from Collinsville to 'Teen Town' in Granite City. Lincoln Avenue was a heavily travelled street, but there were no crossing gates, flash signals or watchmen at the crossing. There was a one-story building on the northeast corner of the crossing, which sat about 18 feet from Lincoln Avenue and about the same distance from the railroad tracks, and was 60 or 65 feet in length. There was a concrete plant on the southwest corner and a coal yard on the southeast corner of the crossing, into each of which a spur track goes for the delivery of materials. The Granite City Steel Mills was located one block southwest of the crossing. There was a street light at the crossing and also cross-arms indicating an intersection with railroad tracks.

"The train was a two-car electric passenger train and was about 180 feet long; the headlight was lit and would show about 1,000 feet; the lights were lit on the inside of the cars, with the usual number of windows on each side. Plaintiff testified that Cross was driving the automobile about 15–20 miles per hour prior to the accident and that she had not observed anything wrong about his driving; that she was looking straight ahead and talking with the other people in the car; that she did not know there was a railroad crossing at that point, but as they approached the intersection, Cross said that 'the crossing was rough', and he put on his brakes and slowed down to about 8–10 miles per hour, 'the next thing I knew then I was in a daze and I was getting out of the car'. It isn't clear from the record whether plaintiff understood from Cross's remark, 'the crossing is rough', that he was referring to a railroad crossing or a street crossing. She did testify that she did not know that it was a railroad crossing until after the accident."

Defendant has cited the cases listed below.[3] None of them is in point on the facts except the O'Leary and Humbert cases. Obviously, they are unfavorable to defendant.

We think we need not review or undertake to stress the salient parts of plaintiff's testimony. In our opinion, it clearly makes a submissible case of the exercise of due care on her part. The common experience of those who operate motor vehicles and those who ride in them could lead to no other conclusion.

3. Elliott v. Elgin, J. & E. R. Co., 325 Ill. App. 161, 59 N.E.2d 486, 490; Dee v. City of Peru, 343 Ill. 36, 174 N.E. 901, 904; Redick v. M. B. Thomas Auto Sales, Inc., 364 Mo. 1174, 273 S.W.2d 228; Hoffman v. Ill. Terminal R. Co., Mo.App., 274 S.W.2d 591, 593; Austin v. Public Service Co. of Northern Illinois, 299 Ill. 112, 132 N.E. 458, 17 A.L. R. 795; Gerhard v. Terminal Ry. Ass'n of St. Louis, Mo.Sup., 299 S.W.2d 866; Walldren Express & Van Co. v. Krug, 291 Ill. 472, 126 N.E. 97; Scruggs v. Baltimore & O. Ry. Co., 287 Ill.App. 310, 4 N.E.2d 878; O'Leary v. Illinois Terminal Railroad Co., Mo.App., 288 S.W.2d 393, 397; and Humbert v. Lowden, 385 Ill. 437, 53 N.E.2d 418.

It appears from the briefs that a complaint made by defendant in the Court of Appeals against plaintiff's Instruction No. 11 was not directly ruled by that court and it is again presented here. That instruction told the jury that if plaintiff, because of immaturity, had not the capacity of an adult and "that she exercised such care as ought reasonably to have been expected of one of her age and capacity". Defendant has cited us to no Illinois case as to the degree of care required of an immature plaintiff, and, inasmuch as the case must be remanded for a new trial, any instruction hereafter proffered on that subject may be written in accord with the law of that state.

Defendant has also briefed and argued in this court the other assignments of error presented and considered by the Court of Appeals. We have examined each of them and the disposition of each by that court and find that each was fully considered in connection with a detailed statement of the evidence pertinent to determination of the question presented, and that all were correctly ruled.

The judgment is reversed and the cause remanded.

All concur.