### Jo Ann CORRELL, Plaintiff

v.

### CONSOLIDATED RAIL CORPORATION, Defendant

#### No. 3:99CV7044.

United States District Court,
N.D. Ohio,
Western Division.

May 2, 2003.

Carl A. Kuhnle, Wagoner & Steinberg, Holland, OR, James K. Schultz, Patrick J. Harrington, Robert E. Harrington, Jr., Harrington, Thompson, Acker & Harrington, Chicago, IL, for Jo Ann Corell, Administratix of the Estate of Deceased, Raymond E. Corell, Plaintiffs.

Garrick O. White, Richard F. Ellenberger, Anspach, Serraino, Meeks & Nunn, Toledo, OH, for Consolidated Rail Corporation, Defendant.

Erwin J. Leizerman, Law Office of E.J. Leizerman, Toldeo, OH, for Norma Bell, interested party.

## ORDER

CARR, District Judge.

This is an FELA case arising from a collision on January 17, 1999, at about 1:30 a.m., in which the plaintiff's decedent, Raymond Corell, a conductor for defendant Consolidated Rail Corporation (Conrail), was killed, as was an engineer, Roger Bell. The collision occurred when the westbound train in which Corell and Bell were crew members ran into the rear of a train stopped ahead of their train near Stryker, Ohio. A third train, running eastbound, was struck by rolling stock that was derailed following the rear-end collision of the two westbound trains.

The collision occurred about 1100 feet west of a signal at milepost 3351 west. That signal displayed a "stop and proceed" indication. Section 240.305(a) of the Code of Federal Regulations requires the operator of a locomotive (i.e., the engineer), to stop when encountering such signal, and then to proceed at no more than fifteen miles per hour. The train was running at fifty-eight miles per hour when it struck the train stopped ahead of it.

The train being crewed by Bell and Corell had passed another signal three miles to the east, at milepost 3341 west. That signal displayed a yellow "approach" signal, which, pursuant to Conrail's operating rules, required the train to slow to no more than thirty miles per hour, and to prepare to stop short of the next signal, 3351 west. The train passed 3341 west at fifty-six miles per hour.

Weather conditions at the time of the accident were extremely unfavorable. Another engineer said that he had never seen fog so bad, and that visibility was further impaired because the fog was condensing on his windshield.

Bell, the engineer, was operating the train. Under Conrail's operating rules, however, Corell, the conductor had ultimate control over its movements. Like the engineer, Corell was required to observe and respond appropriately to signals. If the engineer fails to obey a signal, the conductor is to take remedial steps, including, if necessary, pulling the emergency brake valve, which is located by the conductor's seat, and thereby bringing the train to an emergency stop.

Plaintiff contends that Bell's failure to heed the signals caused the collision. Defendant contends that plaintiff's decedent, Corell, proximately caused the accident by failing to perform his assigned duties as the train's conductor after Bell's failure to heed the signals.

Conrail views Corell's culpability as a matter of proximate cause. According to the plaintiff, Conrail's contention is advanced to avoid the doctrine the contributory negligence on Corell's part would not bar recovery by the plaintiff where the tortfeasor (Bell) was per se negligent. Bell, plaintiff asserts, was per se negligent because he violated the command of C.F.R. § 240.305(a) when he failed to stop in response to the signal at milepost 3351 west.

Plaintiff seeks summary judgment on liability on the basis of Bell's alleged negligence per se. Bell's estate, which has brought a suit that has been consolidated with this suit, has filed a brief in response to plaintiff's motion. Bell's Estate contends that there is a genuine issue of material fact with regard to whether the signals were in good operating order. Though the signals were tested immediately after the accident, Bell's estate argues that the record contains no admissible evidence to support of that contention.

 I agree that Conrail's evidence that the signals were operating properly is hearsay—that evidence comes from a deponent's testimony about what he was told about a post-crash inspection of the signals. There is, however, other evidence that the signals were operating properly— namely, findings to that effect by the National Transportation Safety Board. Plaintiff argues that that evidence is inadmissible pursuant to 49 U.S.C. § 1154(b). That provision states that "No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." However, notwithstanding this provision, courts allow admission of factual findings (as opposed to probable cause conclusions) by crash investigators. *Lobel v. American Airlines,* 192 F.2d 217, 220 (2nd Cir.1951); *In re Air Crash at Charlotte, N.C.,* 982 F.Supp. 1071, 1075 (D.S.C., 1996). The NTSB finding that the signals functioned properly after the crash is, accordingly, admissible.

 I agree with plaintiff, however, that there is insufficient evidence to raise a genuine issue of material fact about any alleged malfunction of the signals. The sole support for such contention is an affidavit from the engineer in a train following the train crewed by Bell and Correll. Though that affidavit asserts that the affiant has observed malfunctioning signals on the Toledo–Chicago route, it says nothing—one way or the other—about the engineer's observations the night of the collision. I conclude, accordingly, that that affidavit is not sufficient to create a genuine issue about any putative malfunctioning of the signals.

The signals must thus, in the absence of admissible evidence to the contrary, to be deemed to have been functioning properly. From that fact, plus the fact there is no evidence that other trainmen in the vicinity had been unable to see the signals, the jury can only infer that they were visible.

 Turning to the pending motion for summary judgment, I agree, first, with Correll that violation of § 240.305(a) constitutes negligence per se, because "it is well-settled that the FELA requires a finding of negligence per se when there has been a violation of a safety statute specifically aimed at the railroad industry." *Ries v. National Railroad Passenger Corp.,* 960 F.2d 1156, 1159 (3d Cir.1992). Thus, under the FELA, "conduct is deemed negligent per se if it violates a statute or regulation and if it 'contributes in fact to the death or injury in suit, without regard to whether the injury flowing from the breach was the injury the statute sought to prevent.'" *Morant v. Long Island R.R.,* 66 F.3d 518, 522 (2nd Cir.1995) (quoting *Kernan v. American Dredging Co.,* 355 U.S. 426, 433, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958)). *Cf. Teal v. E.I. DuPont de Nemours & Co.,* 728 F.2d 799, 803–04 (6th Cir.1984) (employer negligent per se for violation of specific duty clause in an OSHA regulation where injured party was a member of the class of persons OSHA was intended to protect).

Thus, I expect to charge the jury that Bell was negligent per se. That does not mean, however, that Conrail is automatically liable: plaintiff still must prove that Bell's negligence was the proximate cause of the collision. All that a finding of negligence per se on Bell's part does is to relieve plaintiff from having to show that Bell breached a duty of care; such finding does not relieve plaintiff of the burden of proving proximate cause. *See, e.g., Duty v. East Coast Tender Serv., Inc.,* 660 F.2d 933, 947 n. * (4th Cir.1981) (en banc) (per curiam) ("[a] negligence per se instruction does not create strict liability; it would not remove the issue of proximate cause from the jury. Properly instructed, the jury still would be required to determine whether defendant's negligence [in violating the statute or regulation] caused or contributed to plaintiff's injury.").

 That negligence and proximate cause are separate elements, so that proving one does not prove the other, is true even where a party has been shown to have been negligent per se. *See, e.g., Ellis v. Chase Communications, Inc.,* 63 F.3d 473, 479 n. 2 (6th Cir.1995) ("Proving negligence per se does not establish liability since a plaintiff must still prove proximate cause and damages in order to recover against a defendant.") (Wellford, J., concurring); *Wren v. Sullivan Elec., Inc.,* 797 F.2d 323, 327 (6th Cir.1986) ("once negligence per se has been established as a result of the violation of a worker safety statute, the only questions left to be resolved are those of proximate cause, injury, and damages.").

In this case, a rational jury could find that, despite Bell's negligence per se, Correll was himself negligent for failing to comply with the company's operating rules, and that Correll's negligence, not Bell's, was the proximate cause of the collision.

I conclude, accordingly, that even if Bell was guilty of negligence per se, a jury could find that such negligence on his part was not the proximate cause of the collision. Instead, the jury could find that plaintiff's decedent, the conductor Correll, breached Conrail's operating rules, and that such breach, not Bell's negligence per se, nonetheless was the proximate cause of the collision.

It is, therefore

ORDERED THAT plaintiff's motion for summary judgment be, and the same hereby is granted with regard to the determination that the engineer Roger Bell was negligent per se, and denied with regard to the issue of causation.

So ordered.