**BLAUSTEIN, et al., Appellees, v. BLAUSTEIN, et al., Appellees; BULLOCK, Admr., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6607. Decided January 14, 1946.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment rendered by the Probate Court of Hamilton county in a proceeding to determine heirship as applied to the estate—consisting solely of personal property—of Aaron Blaustein, deceased.

There is no dispute that Anna Blaustein is his lawful widow and that Jean Blaustein Scherer is his daughter, the issue of that marriage.

While that marriage was in existence, Madge Fisher Blaustein went through the form of a ceremonial marriage with Aaron Blaustein, and thereafter they lived together as husband and wife to the time of his death.

Michael Blaustein is the son of Madge Fisher Blaustein, but is not the natural child of Aaron Blaustein. Michael Blaustein has died during the pendency of this action.

While Aaron Blaustein and Madge Fisher Blaustein were citizens of New York State, residing in the County of Bronx, they joined in a petition to the Surrogate Court of that county

in 1939 for a judgment of adoption of Michael Blaustein, then known as Michael Fisher. Upon that petition, the Court entered a judgment that Michael Fisher "shall henceforth be regarded and treated as the child of Aaron Blaustein and be known and called by the name of Michael Blaustein."

Madge Fisher Blaustein knew that Aaron Blaustein had a wife and child. During his acquaintance with her and before the ceremony of marriage between them was performed he secured a decree of divorce from a Mexican Court from Anna Blaustein. It is now conceded that this decree was void and had no effect on the marital status which it purported to dissolve.

At the time this proceeding was pending, there was also pending in the Probate Court in the Estate of Aaron Blaustein, deceased, a proof of claim by Madge Blaustein against his estate.

The Probate Court held on the subject of heirship that Anna Blaustein was the widow of Aaron Blaustein and Jean Blaustein Scherer was his daughter and that as such they were entitled to inherit the net estate after costs, debts, and expenses of administration "including the award and judgment to Madge Fisher Blaustein on her claim against said estate filed with this court, and after deducting therefrom the sum of $2600.00 for the first year's support of the plaintiff widow, Anna Blaustein, and the sum of $2500.00 exempted from administration under the provisions of §10509-54, GC, to be distributed to said plaintiffs, Anna Blaustein and Jean Blaustein Scherer by the administrators of this estate in the proportion and in the manner provided by law for the distribution on intestate estates."

Madge Fisher Blaustein excepted generally to this order and Anna Blaustein and Jean Blaustein Scherer and Joseph C. Bullock, one of the administrators of Aaron Blaustein, deceased, excepted severally to the inclusion in the order of the following "including the award and judgment to Madge Fisher Blaustein on her claim against said estate filed with this court."

We are of the opinion that the court was correct in holding that the proceeding by which Aaron Blaustein attempted to adopt Michael Fisher was void under New York law. There is no provision in the law of that state authorizing a married man, acting alone or in conjunction with some one other than his wife to institute adoption proceedings. The statutory authorization is found in Thompson's Laws of New York of 1939 under the heading "Domestic Relation Laws."

By section 110 under that heading it is enacted that:- "An adult unmarried person or an adult husband and his adult wife together may adopt another person. An adult husband or an adult wife may adopt the child of the other spouse whether born in or out of wedlock."

The right to adopt is dependent on statute. In absence of a statute no right exists, and while the modern rule is one of liberal construction, there must be substantial compliance with the terms of the statute.

Reference to the statute shows that there is no authority conferred upon a married man acting alone to adopt a child. His wife must join in the petition. There are sound reasons for that requirement, because by virtue of the adoption, the adopted child becomes a member of the family with substantially all the rights of inheritance from the foster parents and foster brothers and sisters, as though there existed a blood relationship. And the foster parents assumed the legal responsibility of natural parents toward the foster child.

Certainly, the wife should not be required to assume such responsibility and have her natural children required to assume a family relationship with a blood stranger with mutual rights of inheritance from their parents, and by and through one another, as though the relationship was one based on blood. And when applied to the circumstances in this case would produce rather strange results under the provisions of §10503-4 GC, providing the order of descent and distribution.

In 1 Am. Jur., 638, it is said:- "Where joinder of the husband or wife is so specifically required by statute as to warrant the conclusion that the law does not recognize such a thing as an adoption by one spouse alone, failure so to join in the petition is a jurisdictional defect rendering the decree of adoption void. This is so although the reason for the failure so to do was that such spouse was insane, and although the adopting parent was the conservator of such insane person and this fact was recited in the petition for adoption."

Our conclusion is, that under the laws of New York a married man is not authorized to institute adoption proceedings alone, that the proceedings must be the joint action of husband and wife, and that the joinder of the wife is a jurisdictional fact, without which the court has no authority to proceed to a decree.

Now Anna Blaustein, his legal wife, did not join in the adoption proceedings. Madge Fisher Blaustein did join and it was recited that she was his wife and mother of the child

which was the subject of the adoption proceedings. As the jurisdiction of the court to order an adoption was dependent upon the joinder of the wife, that brings us to the question of whether Madge Fisher Blaustein had the legal status of a wife for any purpose in the State of New York, and, if so, whether the State of Ohio would accord the same recognition or give effect to any governmental act by any department of the State of New York, based on its recognition of such a relationship.

We find nothing in the statutory or case law of New York that indicates that it gives any validity to a marriage ceremony under such circumstances. Many cases hold that a foreign divorce granted by a court without jurisdiction is absolutely void. People v. Baker, 76 N. Y. 78, Williams v. Williams, 130 N. Y. 193, and Hubbard v Hubbard, 228 N. Y. 81.

In Re Holmes' Estate, 291 N. Y. 261, 52 N. E. (2d) 424; In Re Lindgren's Estate, 293 N. Y. 18, 55 N. E. (2d) 849.

And the status resulting from the attempt to marry during existence of a prior marriage is fixed by section 6 of Thompson's Laws of New York, 1939 (Pt. 1.) under the heading "Domestic Relation Laws" by which it is enacted that "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living" with certain exceptions inapplicable here.

We find no necessity for recourse to any rule of comity in case of conflict of law in different jurisdictions, because the Ohio and New York laws are in harmony on this subject. 14 O Jur., 536 et seq. Van Fossen v State, 37 Oh St 317, and Smith v. Smith, 72 Oh App, 203.

The validity of any claim by Madge Fisher Blaustein as a creditor was not an issue in this case. The only issue was heirship—who occupied such a relation to the decedent as entitled them to take his estate under the statutes of descent and distribution. It was error for the court to include in the judgment in this case any reference to the claim against the estate presented by Madge Fisher Blaustein or the court's conclusion as to its validity.

For these reasons, the judgment of the court is modified by deleting therefrom the following: "including the award and judgment to Madge Fisher Blaustein on her claim against said estate filed with this court," and, as modified, the judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur in syllabus, opinion & judgment.