BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; BUTLER ET AL., APPELLANTS; HITCHCOCK, APPELLEE.
BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; BUTLER ET AL., APPELLANTS; HITCHCOCK, APPELLEE.
BELDEN ET AL., ADMRS., *v.* ARMSTRONG ET AL.; CATES ET AL., APPELLANTS; HITCHCOCK ET AL., APPELLEES.

(Nos. 4168, 4173 and 4176—Decided May 16, 1951.)

*Mr. Merryl F. Sicherman,* for appellants in case No. 4168.

*Mr. James W. Harrah,* for appellants in case No. 4173.

*Mr. James K. Lynch,* for appellants in case No. 4176.

*Mr. Mervyn T. Grosjean,* for appellee in cases Nos. 4168 and 4173, and appellee Jane Elizabeth Horton Hitchcock in case No. 4176.

DOYLE, J. F. Louise Butler died in Akron, Ohio, on the 27th day of January, 1949, in her 83rd year. Due to circumstances not in issue here, her estate passed under the laws of descent and distribution; was prop-

erly divided into paternal and maternal halves; and determination was made of those who are entitled to inherit the paternal half as descendants of the decedent's paternal grandparents, together with their respective proportions, as well as of those who came within the class entitled to inherit the maternal portion from the decedent's maternal grandparents.

The sole question presented to this court in these appeals on questions of law from the Probate Court of Summit County is the conformance of the trial court's ruling to principles of law in finding that one Jane Elizabeth Horton Hitchcock is a lineal descendant of the decedent's paternal grandparents, and, in so concluding, finding, as a necessary premise thereof, that Ann Harding (Stanley), the grandmother of the said Jane Elizabeth Horton Hitchcock, was legally adopted by Lucy Ann Butler (Harding) and her husband, Isaac Harding, the former being an aunt of the decedent on her paternal side.

The "necessary premise" noted in the paragraph above stems from the rule that a person who claims inheritance through an ancestor, who was allegedly adopted in the state of New York, must establish that the adoption of the ancestor was valid in law in the foreign state. If the adoption in the foreign state was invalid, the Ohio courts will recognize no rights of inheritance through the alleged adoptive parents. *Barrett, Admr.,* v. *Delmore,* 143 Ohio St., 203, 54 N. E. (2d), 789, 153 A. L. R., 192; *Blaustein* v. *Blaustein,* 77 Ohio App., 281, 66 N. E. (2d), 156.

Prior to the year 1873, there were no general statutes in the state of New York, in the matter of adopting minor children. There were, however, special statutory enactments contained in the charters granted certain charitable societies that received and cared for destitute children, which permitted the societies'

officers to execute agreements of adoption, on behalf
of the societies, with suitable persons willing to assume
the obligations of parents. *In re Estate of Thorne,*
155 N. Y., 140, 49 N. E., 661.

Proceeding now to the disputed adoption of the an-
cestor, Ann Harding (Stanley). It appears that she
was born on April 12, 1854, and died on March 21,
1922. From this record of dates, she was 19 years of
age at the time of the enactment of the general adop-
tion statute in New York state. There is no record
extant or at least none found to exist showing her
adoption under this general statutory law. It thus
follows that, if legally adopted at all, such status must
have been created through the medium of a contract
with "certain charitable societies," acting under statu-
tory authority. This for the reason that adoption was
unknown to the common law, and exists in this country
only by virtue of statute. *In re Estate of Thorne,
supra,* at page 143.

There is in evidence a census report of 1875 for
Broome county, New York, listing Annie L. Harding
as a daughter of, and living in the home of, Lucy Ann
Butler Harding and Isaac Harding; there is also pre-
sented a page from a family Bible, shown to have
passed through the generations from the son and the
daughter-in-law of the claimed adoptive parents, to
the present owner, a descendant in direct line.

This memorial in the heirloom, lists, in a handwrit-
ing obviously transcribed many years ago, the names
of the members of the family of Isaac and Lucy Ann
Harding. Written therein is the following: "Anna L.,
adopted daughter of Isaac Harding and Lucy A. Hard-
ing, New York, born April 12, 1854." From other
evidence in the record the fact may be reasonably
found that the claimed adopted daughter lived with
the alleged adoptive parents for a period of years,

took the family name, and was generally known as their adopted daughter.

Governed as we are by the legal principle that the burden of proof is upon the claimant to establish the adoption of her ancestor, can we say that the evidence heretofore shown is sufficient? The case law in New York state, which treats of adoption as of the time here under consideration, all points to the requirement of the proof of a contract entered into pursuant to statutory authority. Where do we find here such proof? Certainly, there is no evidence of an agreement with any one relating to an adoption. Can we, as a court, rule that the mere acceptance of a child into a household, and the holding of her out to the public as an adopted daughter, is proof that specific statutes authorizing adoption were met?

We think it apparent that the Legislature of New York did not contemplate the creation of the status of adoption by any other method than that specifically set forth in the statutes. And, there being no rule of common law adoption, we fail to find any evidence of even an attempted compliance with the law.

Finding, as we do, no proof that the ancestor, Anna L. Harding, was legally adopted, it follows, as a legal consequence, that the claimant, Jane Elizabeth Horton Hitchcock, cannot inherit property through her as a legal heir of the decedent, F. Louise Butler.

*Judgment reversed in each case and final judgments entered.*

HUNSICKER, P. J., and STEVENS, J., concur.