In re Estate of Millward: Annable, Admr., Appellee, v. Millward et al., Appellees; Hattwick, Appellant.[*]

(No. 23831—Decided August 31, 1956.)

*Miss Elsie R. Tarcai* and *Mr. Ben P. Rabb,* for appellee Robert E. Annable, Administrator.

*Messrs. True & Meyer* and *Messrs. Squire, Sanders & Dempsey,* for appellant.

Doyle, J. Robert E. Annable, the administrator of the estate of Lawrence M. Millward, commenced this action in the Probate Court of Cuyahoga County, to determine the heirs of his decedent, who died intestate on March 28, 1955, a resident of Ohio, and whose estate was being administered in the court.

The administrator named certain collateral relatives as heirs. Lawrence Hattwick, a litigant and the appellant herein, claims to be the sole heir at law, by virtue of the fact that he is the natural and legitimate son of the decedent, notwithstand-

---

*Judgment affirmed, 166 Ohio St., 243.

ing the fact that he was legally adopted by one Robert C. Hattwick during his childhood.

It was asserted in the trial below that the provisions of Section 3107.13, Revised Code, which became effective on August 28, 1951, did not apply to children who had been adopted prior to that date. The court held to the contrary; that although the claimant was adopted by Robert C. Hattwick before the effective date of the statute, nevertheless the statute in force at the time of decedent's death controlled his rights to inherit; and that, as a result thereof, he was not an heir of the decedent.

From the judgment entered, appeal has been perfected to this court by Lawrence Hattwick,. and this court is now called upon to decide the legality of the court's ruling.

The single assignment of error is that "The probate court erred in finding and adjudging by its order of March 9, 1956, that appellant, Lawrence Hattwick, is not an heir at law of Lawrence M. Millward, deceased, and not entitled to any distribution of the deceased's intestate estate, instead of finding, as the court should have found and adjudged, that said Lawrence Hattwick is the sole heir at law of the deceased and is entitled to the entire intestate estate."

Section 3107.13, Revised Code, at the time of the death of the decedent, was, and is now, as follows:

"Except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education and maintenance as if such child had been born to them in lawful wedlock. For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear

the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided:

"(A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.

"(B) In case of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting stepparent shall not in any way be affected by such adoption.

"This section does not debar a legally adopted child from inheriting, under a will identifying such child by his adopted name, or later acquired name, property of such child's natural parent or parents or other natural kin as in case of bequest or devise to any other person.

"*For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession.*" (Italics ours.)

The appellant presents the following questions:

"1. Does the 1951 amendment to Section 3107.13, Revised Code, which included language that an adopted child 'shall cease to be treated as the child of his natural parents for the purposes of intestate succession,' assuming its constitutionality, operate retrospectively or apply only to adoptions occurring after its effective date?

"2. If the court determines that the aforementioned amendment is retroactive in effect, is it to that extent a violation of the provision in the Ohio Constitution (Article II, Section 28) prohibiting retroactive laws, and therefore inoperative?

"3. Is Section 3107.13, Revised Code, considered in the light of Sections 2105.06 and 2105.11, Revised Code, a violation of Article I, Section 2, of the Ohio Constitution, and Amendment XIV, Section 1 of the United States Constitution, to the extent that said Section 3107.13 treats one's natural children who are adopted by others differently than those who are not so adopted, in respect to their status as 'children' of their natural

parent for purposes of the inheritance of the latter's intestate property; more especially when said adoption is without the consent of both the adopted child and the natural parent?"

1. Lawrence Hattwick was adopted on October 18, 1926. Effective on that date was Section 8030, General Code (109 Ohio Laws, 177, 180), which read in part as follows:

"* * * Nothing in this act shall be construed as debarring a legally adopted child from inheriting property of its natural parents or other kin."

It thus appears that, at the time of the adoption, the statute gave the right to the adopted child to inherit from the intestate estate of his natural parents. The right had existed in the law of Ohio for many years, and was such even before the statute specifically spoke on the question.

The appellant, Hattwick, here contends that the amendment of the adoption statutes in 1951 does not deprive him of his right to inherit from his natural father. He asserts that the "statute is prospective only, and simply affects the rights of persons adopted subsequent to its enactment and effective date to the extent that it is not unconstitutionally discriminatory, and applies only to relationships with and through the adopting parents, although having some indirect necessary consequences towards the natural parents."

It is well established that there are no heirs to a living person; and that mere expectancies or possibilities of inheritance are not vested rights in the estate of an ancestor prior to the death of the ancestor. As a consequence thereof, the appellant, at the time of and prior to his adoption, had no vested right to any of his natural father's property. *Kirsheman* v. *Paulin, Exr.*, 155 Ohio St., 137, 98 N. E. (2d), 26; *Ostrander, Admr.*, v. *Preece, Admr.*, 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218.

It is also well established that, whatever rights an adopted child has, to inherit property, are governed by the laws in force at the time of the death of the decedent, and not the laws in force at the time of the adoption. *Staley, Admr.*, v. *Honeyman*, 157 Ohio St., 61, 104 N. E. (2d), 172. The right to transmit or inherit property is entirely a right given by statute, and is settled when the Legislature speaks. There are no common

law rights of inheritance. *Belden et al., Admrs.*, v. *Armstrong*, 93 Ohio App., 307, 113 N. E. (2d), 693, and 93 Ohio App., 358, 113 N. E. (2d), 697.

The appellant, while conceding that intestate successions are determined by the statute of descent and distribution in effect at the time of the death of the intestate, takes the position that, because the Legislature did not amend this statute but only amended the statute relating to adoption, its purpose was "to redefine the status of future adoptions, and not to change the course of descent and distribution to cut off offspring involved in existing ones."

It appears to the members of this court that the amendment of the adoption statute in 1951 was intended by the Legislature to abolish the differences theretofore existing between natural and adopted children, and that it was meant to apply to all adopted children, regardless of the time of their adoption.

From the wording of the act, we cannot assume that it was intended that the law defining the status of all of the existing adopted children adopted prior to 1951 must be found in the different statutes passed in prior years, and that the statute of 1951 was applicable only to the status of a child adopted thereafter. Further, as the right of adoption exists only by statute, which defines the legal rights and relations of the adopted child, the foster parents and the natural parents, the adoption statutes must be read in connection with the provisions of the law governing descent and distribution; in other words, the statutes are *in pari materia*.

Nor is the statute of 1951 retrospective when applied to children adopted prior to its passage. It does not change or affect existing rights of the child as to inheritance, because there are no rights of inheritance until the death of the owner of the estate. The statute which provides for the future descent of property is prospective, and relates to the future inheritances of adopted children as a class. It neither conferred nor took away any vested right then present, because none existed.

It appears in the instant case that the claimant was legally adopted under the laws existing at the time of the adoption. Consent to the adoption was not required of the adopted child,

nor of the divorced natural parent who had lost the custody of the child by virtue of a decree of divorce.

In specific answer to appellant's quaere "3"—whether "Section 3107.13, Revised Code, considered in the light of Sections 2105.06 and 2105.11, Revised Code" (statutes of descent and distribution) is a "violation of Article I, Section 2, of the Ohio Constitution, and Article XIV, Section 1, Amendments, United States Constitution," it is determined that a violation of the claimant's constitutional rights does not arise. The enactment of laws permitting inheritance and regulating the status of individuals in respect to their right to inherit property falls within the powers of the Legislature, and, when they do not affect vested rights (as they do not here), cannot be said to be unconstitutional.

In consideration of the errors claimed, it is the conclusion of this court that no error was committed by the Probate Court in the trial of this case; and, as a consequence thereof, the judgment must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.

STEVENS, P. J., DOYLE and HUNSICKER, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.