**VANCE et, Plaintiffs, v. BYERLY et, Defendants.**

Common Pleas Court, Madison County.

No. 20394.   Decided February 6, 1957.

William S. Culp, Forrest E. Sidener, Jr., for plaintiffs.
Jackman, Nichols & Grubbs, Crabbe & Tanner, Administrator for Oliver Byerly, for defendants.

## OPINION

By BAYNES, J.

Plaintiffs seek a declaration in equity that the purported probate of a will in the Probate Court of this county be held void and the same be vacated.

Only the defendant Carl Byerly as executor and individually has answered. All other defendants are in default for answer or other pleading. Plaintiff demurs to the first and second defenses. The answering defendant admits in his first defense.

(1) That Rozella Eycrly died January 20, 1955.

(2) That her only heirs and next of kin were Shirley Ann Vance, Carl Byerly, Imer Byerly, John Byerly, Oliver Byerly and Beatrice A. Culp.

(3) That Homer Byerly, deceased son of Rozella Byerly, died September 7, 1938, leaving surviving him the defendant Beatrice A. Culp, his daughter, and Shirley Ann Vance, his legally adopted daughter.

(4) That both defendants, Beatrice A. Culp and Shirley Ann Vance survived Rozella Byerly deceased.

(5) That the said Shirley Ann Vance was legally adopted by the said Homer Byerly as stated in the petition.

(6) That the said Shirley Ann Vance was resident of and resided in the State of Ohio at the time of the death of said Rozella Byerly, deceased, and at all times since the adoption of said Shirley Ann Vance.

(7) That her (Shirley Ann Vance) residence was known by Carl Byerly to be in the State of Ohio.

(8) That Carl Byerly made application to admit to probate and record an instrument purporting to be the last will of Rozella Byerly, deceased, in which application the name of Shirley Ann Vance as one of the heirs at law of said decedent, resident of the State of Ohio, was not mentioned.

(9) That notices of the filing of said application and of the hearing in the probate of said will were given to all of the heirs at law of said decedent except said Shirley Ann Vance.

(10) That at no time did said Shirley Ann Vance waive the issuance or service of such notice.

(11) That on March 21, 1955, said will was admitted to probate.

Otherwise he denies the allegations of the petition, which standing alone, would require the plaintiffs to introduce evidence of their capacity to sue. That is that they are parties in interest and succeed to all the rights of Shirley Ann Vance.

However the second defense impliedly recognizes that plaintiff James C. Vance was the husband of and is the surviving spouse of Shirley Ann Vance deceased and the capacity of the alleged children as, "the persons claiming through her (Shirley Ann Vance)."

We therefore hold that for purposes of the demurrer the answer admits the capacity of the plaintiffs to sue. So that sustaining or overruling the demurrer stands or fails on whether the allegations of the second defense are sufficient in law to constitute a defense.

We limit our inquiry on estoppel and laches as to acts of the deceased Shirley Ann Vance for the reason that if either could be applied to her, plaintiffs would be bound, otherwise not. This for the reason that there are no affirmative allegations of any acts on the part of any of plaintiffs which would constitute estoppel or laches.

Sec. 2107.13 R. C., provides:

"No will shall be admitted to Probate without notice to the surviving spouse and to the persons known to be residents of the state who would be entitled to inherit from testator under §§2105.01 to 2105.21, inclusive, R. C., if he had died intestate. . . .

The words, "known to be," have been added since 1930, the year Scholl v. Scholl, 123 Oh St 1, 173 N. E. 305, report was rendered. It was there held that the notice required was mandatory and jurisdictional. That the probate of a will without notice to those entitled, who did not receive or waive notice was void. Lastly, knowledge of death and order of probate will not estop plaintiff where proponents are not prejudiced. cf. In re Estate of Bowles, 96 Oh Ap 265, 54 O. O. 301, 66 Abs 83, 114 N. E. 2d 229; In re Estate of Hammer, 99 Oh Ap 1. 58 O. O. 104, 130 N. E. 2d 437. See also Page on Wills V. 2, 127, Sec. 598.

The element of time is the only allegation for the defense of estoppel or laches, that is the will was admitted to probate on 21 March 1955 and this petition was not filed until 22 September 1956. It will also be noted that Shirley Ann Vance died on 23 June 1955 or three months subsequent to the time the will was admitted to probate. Even the six months had not elapsed for the contest of the will (§2107.23 R. C.) which was only half expired at the date of Shirley Ann Vance's death.

There is no allegation that the answering defendant was mislead or delayed by the silence of Shirley Ann Vance or induced to take any course of action which he would otherwise not have taken or that he was prejudiced in any way. It is suggested, by the way of dictum in the Scholl case, that if expenditures and disbursements were made on the face of plaintiffs' silence because a claim against probate was not made earlier, such can be asserted when final distribution is made.

Whether or not this can be asserted by the answering defendant against the minor plaintiffs, if made, will be a matter for the Probate Court to decide.

Obviously the confusion with respect to whether Shirley Ann Vance was a next of kin and entitled to notice arose by reason of the past amendments to and present wording of §3107.13 R. C., relating to legal rights of adopted children. See In re Estate Millward, 136 N. E. 2d 649. Although, needless to say, none of the parties in this case refer to this in their memorandum.

We treat the demurrer as a motion for judgment on the pleadings. A decree may be drawn accordingly in conformance to this opinion by plaintiffs' counsel according to Court Rule. A certified copy of same is to be filed with the Probate Court of Madison County by plaintiffs' counsel with cost bill attached.