**CHICAGO, ROCK ISLAND AND PA-
CIFIC RAILROAD COMPANY,
Appellant,**

v.

**William R. EMERY, Appellee.**

**No. 15468.**

United States Court of Appeals
Eighth Circuit.

June 8, 1956.

A. B. Howland, Des Moines, Iowa (B. A. Webster, Jr., Des Moines, Iowa, on the brief), for appellant.

Charles T. Hvass, Jr., Minneapolis, Minn. (Hvass, Weisman, Peterson, King & Schwappach, Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff (appellee) entered upon the verdict of a jury in a personal injury action. Liability was admitted by the defendant (appellant), and the only issue in the case was the amount of damages attributable to the accident, the derailment on June 25, 1954, near Lincoln, Nebraska, of a passenger train of the defendant, in which the plaintiff was riding. He was thrown from his seat, suffered injury, and was temporarily hospitalized. He returned to his home in Des Moines, Iowa, shortly thereafter and received medical attention for an injured back and hand. Prior to the accident his employment had consisted of installing furnaces. His claim was that previous injuries suffered by him, and for which the defendant was in no way responsible, had been aggravated by the derailment of the train and had prevented him from resuming his work. His evidence and that of doctors testifying in his behalf tended to sustain his claim. Medical evidence introduced by the defendant tended to show that the nature, extent and effect of the plaintiff's injuries due to the derailment were exaggerated. The defendant asserts that the trial court erred in failing to give a requested instruction relative to the duty of the plaintiff to return to work, to mitigate damages, if he was able to do so.

We quote the following instructions given by the trial court to the jury:

"By 'proximate cause,' as used in connection with damages, is meant the moving or producing cause thereof and without which the damages would not have been sustained.

"The burden is upon the plaintiff William R. Emery to establish by a preponderance of the evidence the amount of damages to which he is entitled.

"It appears that William R. Emery had sustained injuries on occasions prior to the derailment. The defendant is liable for such damages as proximately resulted to

William R. Emery by the aggravation of his preexisting physical condition by the derailment and directly attributable to it. The defendant is not liable for any damages William R. Emery did or would have sustained, notwithstanding the derailment, becaue of his preexisting physical condition.

"You will allow the plaintiff William R. Emery the sum of $95.00 for medical expense. You will also allow him the sum of $60.00 for X-ray expense. You will also allow him the fair and reasonable value of such of the following items of damages as he has established by a preponderance of the evidence proximately resulted to him by the derailment of the train:

"(a) past shock, injuries, pain and suffering;

"(b) past loss of earnings;

"(c) reasonably certain future impairment of earning capacity;

"(d) permanent injury to his back;

"(e) reasonably certain future pain and suffering.

"You may not allow him damages for any permanent injury other than for permanent injury to his back. You may not allow him damages for future medical expense. Any awards for future damages must be reduced to their present net worth.

"Some of the items of damages are closely related and you should take care not to overlap any awards you make.

"Your total award of damages to William R. Emery cannot exceed the sum of $50,000.00, the amount asked by him in his complaint."

The defendant had asked the court to give the following instruction:

"You are instructed that in regard to the testimony of the fitness of the plaintiff William Emery for work, that if you find from the evidence that the plaintiff William Emery was able to return to work at some time after June 25, 1954, that it was his duty to do so in order to minimize the damages herein, and that if he was able to return to certain work and failed to do so that he cannot recover for loss of wages for such time as he was able to work and failed to do so."

In denying this request, the court said:

"This is in regard to his duty to return to work, but I think it is covered in the instructions, in the general instruction as to future impairment, as to earning—I mean, past loss of earnings and future impairment of earnings, as are proximately caused by the railroad derailment."

■■ We think that it was not error to deny the requested instruction. In Railway Company v. McCarthy, 96 U.S. 258, 265–266, 24 L.Ed. 693, the Supreme Court said:

"It has been repeatedly determined by this tribunal that no court is bound to give instructions in the forms and language in which they are asked. If those given sufficiently cover the case, and are correct, the judgment will not be disturbed, whatever those may have been which were refused."

And in United States v. Bayer, 331 U.S. 532, at page 536, 67 S.Ct. 1394, at page 1396, 91 L.Ed. 1654, the Court said: "Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion." The brevity or conciseness of a correct and adequate charge to a jury or a refusal to amplify that which is clearly implicit in the court's instructions does not constitute reversible error.

■ The defendant also contends that the court erred in stating that a second offense of operating a motor vehicle while intoxicated is an indictable misdemeanor under Iowa law and not a felony. On cross-examination the plain-

tiff testified that he had been convicted of a felony more than once. On redirect examination he stated that in 1927 or 1929 he was convicted of breaking and entering, served time, and received a Governor's pardon. On recross-examination he was asked if he had been convicted of a felony in 1950, and answered in the affirmative. His counsel then asked, "What was it in 1950?" The plaintiff's reply was, "Driving intoxicated." His counsel said to the court, "Is that a felony in Iowa, your Honor?" The court said, "It is an indictable misdemeanor." No exception was taken to this remark of the court. Counsel for the defendant then asked the plaintiff if it was a second offense, and he said "yes" and that he was fined for it.

Counsel for the plaintiff argued to the jury, in substance, that the only conviction of the plaintiff that could be considered by them as affecting his credibility was the conviction for breaking and entering, and that, "As the Court pointed out," in Iowa the conviction for drunken driving was not for a felony and should not be considered. No exception was taken to the argument. The court instructed the jury that the plaintiff had been convicted of a felony and that "In the present case the fact that the plaintiff William R. Emery previously has been convicted of a felony is to be considered by you in passing upon his credibility as a witness and the weight to be given to his testimony, and in that connection only." No exception to this instruction was taken by the defendant. The court was not requested to instruct the jury that a second offense of drunken driving was, under Iowa law, a felony which could be considered by the jury in determining the plaintiff's credibility. Under the circumstances, that question, not having been properly presented to or ruled upon by the trial court, is not before us for review. See and compare, Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 452, and cases cited.

The judgment appealed from is affirmed.