Arnett ALEXANDER and Walworth
Trucking Corp., Plaintiffs-
Appellees,

v.

KRAMER BROS. FREIGHT LINES, INC.,
Defendant-Appellant.

No. 112, Docket 25678.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1959.

Decided Dec. 29, 1959.

Lawless & Lynch, New York City, Purdy, Lamb & Catoggio, New York City, of counsel, for appellant.

Jerome Edelman, Brooklyn, N. Y., Benjamin H. Siff, New York City, of counsel, for appellees.

Before SWAN, MAGRUDER * and LUMBARD, Circuit Judges.

SWAN, Circuit Judge.

The present action is the sequel to a collision between two tractor-trailer trucks on the Pennsylvania Turnpike in or near Somerset, Pennsylvania. It occurred on October 19, 1951 about six o'clock in the morning, when there was spotty fog on the Turnpike. The corporate plaintiff owned one of the trucks. It was badly damaged and its operator, the plaintiff Alexander, sustained serious injuries. The other truck was owned by the defendant corporation. Its answer to the complaint denied any negligence on its part and set up the defense of contributory negligence on the part of the plaintiffs. The jury found a verdict for the plaintiffs. Federal jurisdiction rests on diversity of citizenship. The appeal claims errors in the charge and in a ruling on evidence.

Because of the character of the questions raised, a very brief statement concerning the testimony will suffice. The only eye witnesses to the accident were drivers of the two trucks. The drivers' stories were contradictory and raised issues as to the exact location of the accident and the manner in which it occurred. Both trucks were proceeding westerly. Alexander testified that the collision occurred where there was an entrance to the Turnpike from the right, that defendant's truck cut in ahead of him, and that the fog was such that he could not see the entering truck in time to avoid hitting it. Holman, defendant's driver, denied that he entered from the right and claimed that plaintiff's truck had been following for some time before it ran into the rear end of his truck. Thus the issues of negligence and contributory negligence raised questions of credibility for the jury.

The first question for consideration is whether the judgment should be reversed because of the court's erroneous charge as to the burden of proof of contributory negligence, despite defendant's failure to request a charge on that subject or to object or take exception to the charge given, as required by Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1] Appellant contends that he is excused from complying with the Rule by what occurred in colloquy with the court near the close of the plaintiffs' case. In the colloquy, the court stated that "the burden of proof of contributory negligence is on the defendant." Counsel for plaintiffs expressed agreement with the statement, and counsel for defendant said, "I take an exception," to which the court replied, "Yes, I give you that exception." The plaintiff then rested, and defendant proceeded to put in its case.

Since this was a diversity case, the trial court was required to apply the conflict of laws rules of the state in which it sat. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Under the conflict of laws rule of New York, the law of the place where the tort occurred, i. e., Pennsylvania, governs in substantive law matters, but in procedural matters New York law is controlling and requires the plaintiffs in an action where death has not resulted to carry the burden of proving freedom from contributory negligence.[2] The cases now relied upon by appellant to

---

* Judge Calvert Magruder of the First Circuit, sitting by designation.

1. Rule 51 provides in pertinent part:
   " * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

2. Wright v. Palmison, 237 App.Div. 22, 260 N.Y.S. 812; Clark v. Harnischfeger Sales Corp., 238 App.Div. 493, 264 N.Y.S. 873.

prove the charge wrong were never brought to the trial court's attention either in the colloquy or at the time when counsel submitted numerous requests to charge on other matters. Had they been, it seems probable that Judge Inch would have changed the view he expressed in colloquy. The obvious purpose of the requirement in Rule 51 that objection must be made to matters in the charge in order to assign them as error, is to permit the trial judge to evaluate the objection and correct his charge if further thought persuades him of its error.[3] This purpose is not fulfilled by taking an exception to a statement made by the judge several days prior to the time for charging the jury when nothing was before the judge requiring a ruling in respect to the statement made in colloquy. Certainly an exception under such circumstances does not meet the literal requirement of Rule 51 and, in our opinion, it is an insufficient excuse for failure to object or except to the charge.

The cases relied upon by the appellant deal either with situations where an exception was taken at the time of the charge and the question is whether the exception was sufficiently explicit, or to cases involving evidentiary rulings where exception was taken at the time of the ruling but no further exception was taken at the time of the charge.[4] The case particularly insisted upon, Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515, certiorari denied 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363, is distinguishable. As the court said, 194 F.2d at page 518:

> "For the foregoing reasons we think that the judge misdirected the jury, but, since the plaintiff was content with the charge, we should not reverse the judgment, if there were nothing more in the record to justify doing so. There was. * * *"

Nor do we think the instant case of the exceptional character in which an appellate court will sometimes correct an error in the charge in the absence of objection or exception. See Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 234 F.2d 253, 260.

Appellant next contends that the court erred in failing to charge requests 4 and 5. These requests were based upon the Pennsylvania statute respecting restrictions of speed on the highway, and, upon the court's refusal to give them, counsel asked that the statute be read to the jury. This request was granted. We think this was sufficient. The court had already defined contributory negligence and had charged that if the plaintiff was contributorily negligent, he could not recover. Requests 4 and 5 were not completely accurate and were too dogmatic in asserting that the jury "must" find for the defendant. As stated in Ayers v. Watson, 137 U.S. 584, 601, 11 S.Ct. 201, 207, 34 L.Ed. 803, "A judge is not bound to adopt the categorical language which counsel choose to put into his mouth."

The final contention is that statements of witness Holman were improperly excluded when offered by defendant in rehabilitation of his trial testimony, after his credibility had been attacked on cross examination.[5] Appellant relies upon the rule enunciated in DiCarlo v. United States, 2 Cir., 6 F.2d 364, that when the veracity of a witness is subject to challenge because of a motive to fabricate, it is competent to put in evidence statements made by him consistent with what he said on the stand made before the motive arose. People v. Singer, 300 N.Y. 120, 89 N.E.2d 710 is to the same effect. Appellant asserts that under Rule 43(a) F.R.Civ.Proc. this New York rule of evidence bound the district court to admit the excluded statements. The rule is inapplicable to Holman. As the driver of defendant's truck, he cannot be said to have had no motive to color his explanations of the accident when he made them. Noseworthy v. City of New York,

---

3. Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 234 F.2d 253, 259.

4. See Rule 46 Fed.Rules Civ.Proc.

5. These statements were not marked for identification nor made part of the record in any other manner.

298 N.Y. 76, 80 N.E.2d 744, recognizes that one accused of fault in a negligence case is an interested witness, and there a statement by such a witness, made after a motive to falsify existed, was properly excluded. In none of the cases cited by appellant except Ferris v. Sterling, 214 N.Y. 249, 108 N.E. 406 was the rule as to rehabilitation applied to a person charged with fault. In the Ferris case the statement held admissible (ownership of the vehicle) was made *prior* to the accident.

Judgment affirmed.