**Pearl LEVIN, Administratrix of the Estate of Eugene B. Hoffman, Deceased, Plaintiff**

v.

**TRANS WORLD AIRLINES, INC., a corporation, and United Airlines, Inc., a corporation, Defendants.**

**Civ. A. No. 15627.**

United States District Court
W. D. Pennsylvania.

Jan. 23, 1962.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff, Pearl Levin, Adm'x.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant, Trans World Airlines, Inc.

James J. Burns, Jr., Pittsburgh, Pa., for defendant, United Airlines, Inc.

GOURLEY, Chief Judge.

This is a retrial of a death action to recover damages arising out of an airplane accident involving aircraft of Trans World Airlines, Inc., and United Airlines, Inc., which occurred on June 30, 1956, in the vicinity of Grand Canyon National Park, Arizona. Plaintiff decedent was a paying passenger in the United airliner.

The case is governed by Arizona law.

Upon jury trial, verdict was returned in favor of the plaintiff in the amount of $112,110.00 holding both defendants jointly liable.

The matters before the Court are motions of both defendants for judgment notwithstanding the verdict and/or motions for new trial.

Defendants assign the following reasons in support of their motions for new trial:

1. Plaintiff's counsel made improper and prejudicial remarks in his closing address to the jury.

2. The trial court erred in admitting testimony of plaintiff's witnesses Stahl, Venable and Slessinger as to certain projections to establish decedent's possible future earnings and expenditures.

3. The trial court erred in refusing the following request for instructions:

"A flight off airways is not evidence of any negligence whatsoever."

"United Flight 718 was not off course."

4. The trial court made improper remarks in the presence of the jury.

## MOTIONS FOR JUDGMENT NOV

The circumstances under which the mid-air collision occurred consumed numerous days of testimony based upon a maize of circumstantial evidence buttressed by expert testimony.

■ Plaintiff was not required to prove that either airline's conduct was the only cause of the accident. It was sufficient to establish proof that each airline committed acts or omissions which were substantial and contributing causes of the accident. Kendrick v. Piper Aircraft Corporation, 265 F.2d 485 (3rd Circuit).

Evaluating the evidence in a light most favorable to the plaintiff, the jury could have well concluded that neither plane should have been permitted to fly into this known current of adverse weather conditions; that even though the Trans World Airlines plane had a legal right to ascend to a height of 21,000 feet, a negligent act resulted from its ascending to this height when it knew that United was flying at a similar height and was its traffic; and that the respective pilots were negligent in failing to maintain a proper lookout as to the operation of their respective flights in uncontrolled air space in regard to Visual Flight Rules and Instrument Flight Rules.

■ The jury having found the issues in favor of the plaintiff, the Court must take that view of the evidence most favorable to him and the Court must assume that the jury found in his favor all facts which the evidence reasonably tended to prove. Meyonberg v. Pennsylvania Railroad Co., 165 F.2d 50 (3rd Circuit) ; Williams v. Reading Co., 175 F.2d 32 (3rd Circuit).

■ Courts are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania Railroad Company, 182 F.2d 793 (3rd Circuit).

■ After viewing the evidence and all inferences reasonably to be drawn therefrom in a light most favorable to the plaintiff, it is my judgment as a matter of law that, under all the evidence, a basis exists for which the law affords relief to the plaintiff.

## MOTION FOR NEW TRIAL

1. *Improper Argument by Plaintiff's Counsel in His Closing Address*

Defendants object to counsel arguing the value of a human life predicated upon a sum total of potential earnings over a life span as represented by the United States Mortality Tables and supported by testimony of plaintiff's witnesses as to certain projections to establish decedent's possible future earnings and expenditures. It is further contended that said argument was inflammatory and unduly prejudiced the jury.

■■ The general rule in the Federal Courts has been that the remarks of counsel to the jury on the merits, to constitute reversible error, must be objected to at the time, be unwarranted by the pleadings and evidence, have a tendency to mislead or prejudice the jury, and be to more or less extent approved by the trial judge, Uhl v. Echols Transfer Company, 238 F.2d 760 (5th Circuit). Defendants having failed to object to plaintiff's counsel closing arguments at time of trial are precluded from raising the defense on motion for new trial, Fabrizi v. Kramer Bros. Freight Lines, 261 F.2d 594, (3rd Circuit).

But even assuming a timely objection, there is nothing to indicate that plaintiff's argument was not based upon hypothetical projections of testimony presented during trial and arguments premised on inferences deduced therefrom. Furthermore, the Court most cautiously and meticulously charged the jury concerning

the remarks and arguments of counsel as not constituting evidence which were not to be given any probative weight where such argument conflicted with the evidence as presented at trial.

### 2. Objection to Witnesses Stahl, Venable and Slessinger

In its original Motion for a New Trial, which was filed timely, the defendant-United only objected to Mr. Stahl's testimony. Months later and after the ten-day filing period provided for in Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant-United filed additional reasons for new trial. The additional reasons included an objection to witness Venable's testimony, objection to witness Slessinger's testimony as to inflation, and objection to witness Stahl's testimony in basing calculations upon the testimony of other expert witnesses.

I am satisfied that a Court may not grant a Motion for New Trial on reasons assigned after the ten-day period for filing and serving the motion has expired, Russell v. Monongahela Rail-Road Company, 262 F.2d 349 (3rd Circuit).

Assuming, however, that this Court is in error in its views relative to issues raised after the expiration of the ten-day limitation in filing reasons for motion for new trial, I shall consider the merits of all issues raised both during and subsequent to the period authorized under the Federal Rules of Civil Procedure.

The Court admitted the testimony of plaintiff's witnesses Stahl, Venable and Slessinger as to certain calculations and projections to establish decedent's possible future earnings and expenditures during his life expectancy, subject to an almost limitless latitude in cross-examination by the defense and cautionary instructions by the Court, solely to aid the jury in understanding and applying the theory of accumulations which is the applicable Arizona law in evaluating damages in death actions. It was my judgment that the witnesses in question could assist the jury in understanding the complexities which the Arizona rule encompassed.

Since the jury was most thoroughly and meticulously instructed on damages as represented by Arizona law, I see no basis to conclude that the testimony of said witnesses in any way could have resulted in error.

### 3. Court's Refusal to Submit Specific Instructions of Defendant

The Court properly refused to charge "A flight off airways is not evidence of any negligence whatsoever" because its substance was clearly stated in the Court's charge. The Court charged:

Furthermore, there is nothing in the regulations that says it is unlawful for flights to go off airways. There is nothing that says that it is unlawful, but it is for you to say under all the facts and circumstances in this case whether what the crew of these two planes did was or was not negligence under all the facts and circumstances. (Page 358, Transcript of testimony.)

It is not error in failing to give an instruction in the precise words of the request if its substance is clearly stated. Alexander v. Kramer Brothers Freight Lines, Inc., 273 F.2d 373 (2nd Circuit). The Court charged substantially according to the defendant's request, but not in the precise words which appeared somewhat argumentative. McKee v. Jamestown Baking Co., 198 F.2d 551 (3rd Circuit).

The Court likewise fully charged on the applicable governmental regulations and correctly refused United's request for charge that "United Flight 718 was not off course" since said request calls for a conclusion of fact which was strictly within the jury's prerogative.

### 4. Objection to Remarks and Conduct of Trial Judge

Defendants object to comments of the Court made at the opening of trial in which the Court outlined the obligations and responsibilities of jurors, con-

tending that said remarks created an improper atmosphere in which to conduct the trial. Defendants further assert that the Court gave undue prominence to witness Carmody by placing on the record the Court's official request directed to the Federal Aeronautics Authority requesting the appearance of Carmody who is Assistant Director of Air Traffic Control of said agency. Such request is mandatory on the part of the Court to obtain the appearance of an employee of this governmental agency,[1] and despite the fact that the witness was called at plaintiff's request, for all purposes he served as an aid to the Court in understanding and interpreting the maize of governmental regulations which were pertinent to an understanding of the issues, and spent considerable time answering questions in behalf of both parties and the Court.

It is my judgment that the Witness Carmody was essential to assist the Court and jury in understanding the regulations, and had not any of the parties requested said witness, the Court of its own volition would have done so in the interest of justice. Conry v. Baltimore & Ohio Railroad, 209 F.2d 422 (3rd Circuit).

I am satisfied that this Court conducted the trial of this case with a sense of strict impartiality and fairness. A hotly contested case, as this one proved to be, consuming a trial period of three and one-half weeks, inevitably aroused comment of the Court or counsel, which isolated from context or devoid of the atmosphere or manner in which it was spoken may raise doubts of propriety. Nevertheless, no comment in this record, when taken in the proper prospective and balance of the entire record, could be deemed to have improperly influenced the jury. Goldstein v. United States, 63 F.2d

609 (8th Circuit); Throckmorton v. St. Louis-San Francisco Railway Co., 179 F.2d 165 (8th Circuit).

Considered as a whole, without isolating or separating portions of the record, I feel that the record adequately presented the issues to the jury for its determination. Van Camp Sea Food Co. v. Nordyke, 140 F.2d 902 (9th Circuit), cert. denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587; Commonwealth v. Cargill, 357 Pa. 510, 55 A.2d 373.

In a prolonged and protracted contest, too much is said and done about too little in the heat and hurry of a trial, for it all to be important. Things of no moment in their transpiring are not made momentous merely by making record of them. Therefore, though a trial judge is an administrator primarily charged with the just conduct of the trial, he may not ordinarily be put in error merely because an aberration from trial rules has occurred. It is the duty of counsel by objection to call such threatened or actual departure to the judge's attention, and invoke his corrective action and, if overruled, to make it appear that prejudice has resulted.

Indeed, I am further cognizant of the rule that a trial judge may never abdicate his function or surrender to counsel the conduct of the trial and that he must exercise his function to guide and control it. Glassine Paper Co. v. Shannon, 238 F.2d 765 (2nd Circuit).

Upon a most complete and exhaustive review of the entire record in the course of which I meticulously evaluated the summation address of plaintiff's counsel in the light of the evidence and inferences to be drawn therefrom, and further examining the record in the light thrown on it by the contentions and arguments of plaintiff and defendant and

---

1. Section 415.1 of Regulations of the Federal Aeronautics Authority prohibits employees from appearing as expert witnesses in legal proceedings between private litigants involving aeronautical matter. Policy Order No. 3 has granted authority to regional administrators and to the general counsel to authorize deviations where such deviation is necessary to prevent a miscarriage of justice. The Court explained these provisions to the jury and the fact that general counsel had waived this restriction predicated on the Court's request.

the principles of law herein enunciated, I must conclude that the record does not show that at any point or at any particular this Court abdicated its function, surrendered to counsel the conduct of the trial, or in any other way permitted prejudicial error to creep into and prevent justice in the case.

## EXCESSIVENESS

The basis of an award for the value of a decedent's life based upon Arizona law is measured by earning capacity, thriftiness, probable length of life of decedent and consequent amount of probable accumulation during the expectancy of his life, Sec. 12–613, Arizona Revised Statutes; Arizona Binghampton Copper Company v. Dickson, 22 Ariz. 163, 195 P. 538, 44 A.L.R. 881. Decedent, who shortly before his death, had acquired a Masters Degree in aeronautical engineering from the University of Southern California was twenty-six years of age at the time of his demise, having a potential life as indicated by the United States Mortality Tables of 45.3 years. He was earning $9,000.00 per year as an aeronautical engineer for North American Aviation Company and, based upon the supervisory qualifications which he possessed and demonstrated, the representative of said company indicated that his earnings could reach and exceed $40,-000.00 per annum. At the date of trial, had he lived, he would have been earning $15,500.00 per year.

As this Circuit has frequently reiterated, while an award may be high it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Company of Philadelphia, 190 F.2d 825 (3rd Circuit); Lebeck v. William A. Jarvis, Inc., 250 F.2d 285 (3rd Circuit); Thomas v. Conemaugh & Black Lick Railroad Company, 234 F.2d 429 (3rd Circuit).

It is my considered judgment that the verdict was not against the evidence, weight of the evidence or the law.

After again applying most reflected judgment to the record, I believe that under all the credible evidence justice sustains a right to recover in the amount of $112,110.00.

An appropriate order is entered.