Mrs. Highson BLUE, Plaintiff-Appellee,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, Defendant-Appellant.

No. 128, Docket 26943.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1961.

Decided March 19, 1962.

George J. Conway, New York City
(Michael J. Kenny, New York City, of
counsel), for defendant-appellant.

Leo Gitlin, New York City, for plain-
tiff-appellee.

Before WATERMAN, SMITH and
MARSHALL, Circuit Judges.

WATERMAN, Circuit Judge.

■ Appellee obtained a jury verdict
in her favor in this diversity-jurisdiction
negligence action against the appellant
railroad. Inasmuch as New York law
governs the rights of the parties, it was
incumbent upon the plaintiff to show, as
part of her affirmative case, that no fault
or negligence on her part contributed to
the accident out of which her claim arose.
Alexander v. Kramer Bros. Freight Lines,
Inc., 273 F.2d 373 (2 Cir.1959). When
the jury was charged the trial judge ruled
that there was no evidence that plaintiff
was in any way negligent and took the
consideration of that issue away from the
jury. Defendant excepted, and, claim-
ing the ruling to have been prejudicial
error, appeals on the ground that the jury
could have reasonably found plaintiff to
have been contributorily negligent.

■ Plaintiff, a traveler on the defend-
ant railroad, a woman over seventy years
of age at the time of trial, fell and was
injured when she reached the top of an
escalator leading from a train platform
to the concourse in the Pennsylvania Rail-
road Terminal in New York City. Three
witnesses testified in person: plaintiff;
the railroad doctor who interviewed, ex-
amined and treated plaintiff at his dis-
pensary in the terminal on the day of the
accident; and a railroad claims-agent
who was present in the doctor's office and
who interviewed plaintiff immediately
after she left the doctor's office, while as
he stated, she was "nervous and upset."
The statements plaintiff gave the doctor
and claims-agent were, as summarized by
the claims-agent, "that when she got at
the top and was about to alight she made
a misstep and fell." No red-capped por-
ter handling a baggage truck appears to

have been mentioned by plaintiff when she was interviewed that day by these two railroad employees. Plaintiff testified at trial that she was about to get onto the escalator when a porter with a two-wheeled luggage truck got on ahead of her and told her to "wait a minute, to let him get the buggy up and I can get behind. He turned it around and got in front of it. He told me to get in back of the buggy. I did." Her testimony was that in this wise they reached the top of the escalator, when they got there she took one step, and with a second step necessary to get off the moving stairs, she found herself trapped by the baggage truck and unable to extricate herself with the result that she was knocked down over the baggage truck and onto the floor. Her complaint detailed this sequence of events and alleged that they demonstrated that the railroad was negligent. We are unable to follow the defense argument that on this story the plaintiff testified to anything which tended to establish any contributory negligence on her part. The defendant did not present to the trial court or to us any other facts upon which plaintiff's contributory negligence could be based.

The real issue at trial was whether plaintiff's tale of the negligent acts of the railroad's porter, related five and one-half years after the event, was believable, in light of the testimony of the two railroad employees who interviewed her on the day she was hurt.

Defendant also maintains that the conduct of the trial judge was so unjudicial as to have prejudicially deprived it of a fair and impartial trial, and seeks a reversal and a new trial on that ground.

We recognize that it is awkward for trial counsel in a jury trial timely to object to a trial judge's comments during the taking of evidence and thereby save for appellate review issues that arose below because of possible prejudicial judicial conduct. We point out, however, that no questions were preserved here save one, when the court denied defendant's motion for a mistrial after the court had said:

"The woman was hurt. There isn't any question about that. She was hurt bad."

Upon denying the motion the court addressed the jury and told them, "it is for you to decide what the extent of the injuries are here," and also told them, "you are wholly free to disregard the court's views if you want to."

Unquestionably this method of disposing of his motion gave no comfort to trial counsel at the time of the occurrence, but we are constrained to believe that the jury verdict of $7,000, which, though generous, was not monstrous, demonstrated that the jury arrived at its own valuation of the extent of plaintiff's injuries.

Conscious of this awkwardness that may prevent the proper preservation of counsel's points, and conscious of our responsibility to prevent the denial of justice by unfair interjection of his views at trial by a biased trial judge, Troupe v. Chicago, D. & G. B. Transit Co., 234 F.2d 253 (2 Cir.1956), we have reviewed the trial record and find that, though the trial judge was of a mind to speed up the introduction of the railroad's testimony, we cannot say he acted so unjudicially that his conduct requires a reversal.

The judgment below is affirmed.