KAYO OIL COMPANY and Max Cook, Appellants,

v.

Annette SAMMONS, Appellee.

No. 19770.

United States Court of Appeals
Fifth Circuit.

Sept. 4, 1963.

Thomas C. MacDonald, Jr., Tampa, Fla., for appellants.

E. B. Rood, Tampa, Fla., Wm. C. Grimes, Bradenton, Fla., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and DeVANE, District Judge.

DeVANE, District Judge.

Annette Sammons, appellee, instituted a wrongful death action under Section 768.01, Florida Statutes, F.S.A., in the United States District Court for the Southern District of Florida, Tampa Division, against Kayo Oil Company, a corporation, and Max Cook, an employee of Kayo, appellants. Appellee claimed that her husband met his death in a motor vehicle accident through the negligence of appellant Cook while operating a tractor-trailer owned by appellant Kayo. Federal jurisdiction is based upon diversity of citizenship of the parties.

By answer appellants denied negligence of Cook and asserted contributory negligence of the decedent. Upon jury trial before the Court a verdict was returned in favor of appellee and against appellants and appropriate final judgment entered thereon. Timely post-trial motions were made and overruled and this appeal from the final judgment ensued.

The facts for the purpose of this appeal are quite simple. The decedent, while driving his truck north on Florida State Road 43 on July 2, 1960, at approximately 1:25 A. M., collided with the tractor-trailer owned by appellant Kayo, which was being driven south by appellant Cook. Decedent was alone at the time of the accident and met his death almost instantly. It is undisputed in this record that the point of collision was in the northbound lane or the lane in which decedent's truck lawfully belonged.

Appellant Cook was alone in his tractor and was the only eye witness to the accident. Cook explained his presence in the northbound lane as an effort on his part to avoid the oncoming truck of appellee's decedent after observing the lights of the same approaching him in his lane. He testified he waited for the truck to return to its proper lane as long as he could when he veered to the left into the other lane. He testified further that at the same time decedent turned back into his proper lane and he hit the decedent's truck headon in that lane.

Appellants' theory of the accident was supported by the testimony of an expert witness who testified from the physical facts as he found them to be by photographs and other evidence in the record. Conversely, appellee through an expert witness and the investigating highway trooper submitted evidence to the effect that the physical facts satisfied them that Cook negligently veered into the wrong lane and struck the truck operated by decedent in decedent's proper lane.

The width of the road where the accident occurred was 24 feet and the width of the shoulders on each side were 30 feet from the edge of the pavement. The shoulders were in good condition. There was no other traffic on the road and visibility was good. Appellant Cook testified that he was going 55 miles an hour at the time of the accident and that he knew the speed limit was 45 miles an hour. Cook also testified that he had driven the road previously.

Only two assignments of error are made. The first error relied upon relates to the refusal of the trial Court to give requested instructions numbered 13, 14, and 15 concerning the legal effect of Cook's explanation of his presence in the wrong lane. Appellants contend on this appeal that these three instructions had been approved by the Supreme Court of Florida in other automobile accident cases and for this reason appellants were entitled to have them given verbatim as requested. The Court, while using in substance the essence of these instructions, gave them in its own language, declining to give instructions 13, 14 and 15 specifically in the language proposed by appellants.

■■ An examination of the instructions given by the Court in the case reveals that all the questions presented by these instructions were appropriately given to the jury in the Court's own language. It has many times been declared the law by Federal Appellate Courts that a trial Court is not bound to adopt the categorical language in instructions which counsel choose to put in his mouth since it is up to the informed discretion of the trial Judge within the area of his considerable latitude in the choice of language used to convey to the jury in a clear and correct fashion the applicable law. Railway Company v. McCarthy, 96 U.S. 258, 24 L.Ed. 693; United States v. Bayer, 331 U.S. 532, 536, 67 S.Ct. 1394, 91 L.Ed. 1654; Chicago, Rock Island and Pacific Railroad Company v. Emery, (8th Cir.), 233 F.2d 848; Partlow v. Goldstein, (8th Cir.), 263 F.2d 169; Alexander and Walworth Trucking Corp. v. Kramer Bros. Freight Lines, Inc., (2nd Cir.), 273 F.2d 373; Bush v. Louisville & Nashville Railroad Company, (5th Cir.), 260 F.2d 854; Metropolitan Life Insurance Company v. Banion, (10th Cir.), 106 F.2d 561.

A reading of the record in this case and a reading of the excellent charge given by the trial Court to the jury convinces this Court that appellants have no grounds for complaint with reference to the charge actually given on the question of contributory negligence. In fact, if any criticism could be made of the

charge, it is that the Court overly stressed in behalf of appellants the defense of contributory negligence. The Court finds and holds that this assignment of error must fail.

The last assignment presented by appellants is that the trial Court erred in refusing appellants' motion for a mistrial on the ground of repeated suggestions in cross-examination and closing argument that appellant driver Cook was under the influence of a potent stimulant at the time of the accident. The record fails to support this assignment of error. No assignment of error is based on the testimony with reference to the prior use by appellant Cook of a potent drug, designated in the record as "bennies". There was only one simple question asked with reference to this drug and one direct answer given, in which Cook admitted he had in the past used "bennies" but was not using them at the time of the accident. The entire basis for the assignment is what was said by appellee's counsel during the final argument of the case. Appellants agree that the Official Court Reporter did not report the arguments and there is nothing in the record with reference to what counsel for appellee said on this point except that developed during a colloquy between counsel and the Court during the argument on appellants' motion for a mistrial and that information is most unsatisfactory and not dependable.

According to Rule 75 of the Federal Rules of Civil Procedure, the only method to take an appeal on any part of the proceedings in the trial Court where no stenographic report was made is to follow the directions contained in Rule 75(n) of the Federal Rules. This was not done in this case and this Court, therefore, does not have before it the alleged argument to which objection is made. It has been consistently held by all the Federal Courts that where the record fails to disclose the argument or an agreed transcript thereof that appellants cannot successfully urge that error was committed in overruling objections to the arguments of opposing counsel. Metropolitan Life Insurance Company v. Banion, supra; Morgan v. Sun Oil Company, (5th Cir.), 109 F.2d 178 at page 181. This assignment of error must likewise fail.

The judgment appealed from is

Affirmed.